## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **SMARTPHONE TECHNOLOGIES, LLC,** | |
| Plaintiff, | |
| **v.** | |
| **HTC CORPORATION,** | |
| **HTC B.V.I.,** | |
| **HTC AMERICA, INC.,** | Civil Action No. 6:10cv580 |
| **EXEDEA, INC.,** | |
| **NOKIA CORPORATION,** | **JURY TRIAL DEMANDED** |
| **NOKIA, INC.,** | |
| **SONY ERICSSON MOBILE** | |
| **COMMUNICATIONS AB,** | |
| **SONY ERICSSON MOBILE** | |
| **COMMUNICATIONS (USA), INC.,** | |
| **KYOCERA CORPORATION,** | |
| **KYOCERA INTERNATIONAL, INC.,** and | |
| **KYOCERA COMMUNICATIONS, INC.,** | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SmartPhone Technologies, LLC ("SmartPhone") files this Complaint against HTC Corporation, HTC B.V.I., HTC America, Inc., Exedea, Inc., Nokia Corporation, Nokia, Inc., Sony Ericsson Mobile Communications AB, Sony Ericsson Mobile Communications (USA), Inc., Kyocera Corporation, Kyocera International, Inc., and Kyocera Communications, Inc. (collectively referred to as "Defendants") for infringement of U.S. Patent No. 7,076,275 ("the '275 patent"), U.S. Patent No. 6,950,645 ("the '645 patent"), U.S. Patent No. 7,506,064 ("the '064 patent"), U.S. Patent No. 6,243,705 ("the '705 patent"), U.S. Patent No. 7,533,342 ("the '342 patent"), U.S. Reissue Patent No. 40,459 ("the '459 patent"), U.S. Patent No. 6,317,781 ("the '781 patent"), U.S. Patent No. 6,470,381 ("the '381 patent"), and/or U.S. Patent No. 7,693,949 ("the '949 patent").

## THE PARTIES

1.  SmartPhone is a Texas limited liability company with its principal place of business at 6136 Frisco Square Blvd., 4th Floor, Frisco, Texas 75034.

## HTC

2.  On information and belief, HTC Corporation is incorporated under the laws of Taiwan with its principal place of business at 23 Xinghau Road, Taoyuan City, Taoyuan 330, Taiwan, R.O.C.  HTC Corporation may be served at its principal place of business at 23 Xinghau Road, Taoyuan City, Taoyuan 330, Taiwan, Republic of China.

3.  On information and belief, HTC B.V.I. is a wholly-owned subsidiary of HTC Corp. and is incorporated under the laws of the British Virgin Islands with its principal place of business at 3F, Omar Hodge Building, Wickhams Cay I, P.O. Box 362, Road Town, Tortola, British Virgin Islands.  HTC B.V.I. may be served at its principal place of business at 3F, Omar Hodge Building, Wickhams Cay I, P.O. Box 362, Road Town, Tortola, British Virgin Islands.

4.  On information and belief, HTC America, Inc. is a wholly-owned subsidiary of HTC B.V.I. and is a Texas corporation with its principal place of business at 13290 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.  HTC America, Inc.'s registered agent for service in Texas is Law Offices of Christina C. Hsu, 13706 N. Highway 183, #201, Austin, Texas 78750.

5.  On information and belief, Defendant Exedea, Inc. is a wholly-owned subsidiary of Defendant HTC B.V.I. and is a Texas corporation with a principal place of business at 5950 Corporate Drive, Houston, Texas 77036.  Exedea, Inc.'s registered agent for service in Texas is HTC USA Inc. located at 5950 Corporate Drive, Houston, Texas 77036.  Defendants HTC Corporation, HTC B.V.I., HTC America, Inc., and Exedea, Inc. are collectively referred to as "HTC."

6.     On information and belief, this Court has personal jurisdiction over HTC because HTC has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

## NOKIA

7.     On information and belief, Nokia Corporation is incorporated under the laws of Finland with its principal place of business at Keilalahdentie 2-4, FI-02150 Espoo, Finland. Nokia Corporation may be served at its principal place of business at Keilalahdentie 2-4, FI-02150 Espoo, Finland.

8.     On information and belief, Nokia, Inc. is a wholly-owned subsidiary of Nokia Corporation and is a Delaware corporation with a principal place of business at 102 Corporate Park Drive, White Plains, New York 10604.  Nokia's registered agent for service in Delaware is National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904. Defendants Nokia Corporation and Nokia, Inc. are collectively referred to as "Nokia."

9.     On information and belief, this Court has personal jurisdiction over Nokia because Nokia has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

## SONY ERICSSON

10.     On information and belief, Sony Ericsson Mobile Communications AB is incorporated under the laws of Sweden with its principal place of business at Nya Vattentornet SE-221, 88 Lund, Sweden.  Sony Ericsson Mobile Communication AB may be served at its principal place of business at Nya Vattentornet SE-221, 88 Lund, Sweden.

11.     On information and belief, Sony Ericsson Mobile Communications (USA), Inc. is a subsidiary of Sony Ericsson Mobile Communications AB and is a Delaware corporation with its principal place of business at 7001 Development Drive, Research Triangle, North Carolina 27709.  Sony Ericsson Mobile Communications (USA), Inc.'s registered agent for service in Delaware is Capital Services, Inc., 615 South DuPont Highway, Dover, Delaware 19901. Defendants Sony Ericsson Mobile Communications AB and Sony Ericsson Mobile Communications (USA), Inc. are collectively referred to as "Sony Ericsson."

12.     On information and belief, this Court has personal jurisdiction over Sony Ericsson because Sony Ericsson has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

## KYOCERA

13.     On information and belief, Kyocera Corporation is incorporated under the laws of Japan with its principal place of business at 6, Takeda, Tobadono-cho, Fushimi-ku, Kyoto 612-8501, Japan.  Kyocera Corporation may be served at its principal place of business at 6, Takeda, Tobadono-cho, Fushimi-ku, Kyoto 612-8501, Japan.

14.     On information and belief, Kyocera International, Inc. is a subsidiary of Kyocera Corporation and is a California corporation with its principal place of business at 8611 Balboa Avenue, San Diego, California 92123.  Kyocera International, Inc.'s registered agent for service in California is CSC – Lawyers Incorporating Service located at 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 75833.

15.     On information and belief, Kyocera Communications, Inc. is a wholly owned subsidiary of Kyocera International, Inc. and is a Delaware corporation with a principal place of business at 10300 Campus Point Drive, San Diego, California 92121.   Kyocera Communications

4

Inc.'s registered agent for service in Delaware is Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  Defendants Kyocera Corporation, Kyocera International, Inc., and Kyocera Communications, Inc. are collectively referred to as "Kyocera."

16.     On information and belief, this Court has personal jurisdiction over Kyocera because Kyocera has committed, and continues to commit, acts of infringement in this judicial district, has conducted business in this judicial district and/or has engaged in continuous and systematic activities in this judicial district.

## JURISDICTION AND VENUE

17.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district and/or has regular and established places of business in this judicial district.

19.     Each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Texas residents.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 7,076,275)

20.     SmartPhone incorporates paragraphs 1 through 19 herein by reference.

21.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

22.     SmartPhone is the exclusive licensee of the '275 patent, entitled "Method And System For Single-Step Enablement Of Telephony Functionality For A Portable Computer System," with ownership of all substantial rights in the '275 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement.   A true and correct copy of the '275 patent is attached as Exhibit A.

23.     The '275 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

24.     On information and belief, HTC is jointly, directly and/or indirectly infringing one or more claims of the '275 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Hero smartphone.   HTC and users of the Hero smartphone have, at a minimum, directly infringed the '275 patent, and HTC is thereby jointly and severally liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271.

25.     On information and belief, Nokia is jointly, directly and/or indirectly infringing one or more claims of the '275 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the E71 smartphone.   Nokia and users of the E71 smartphone have, at a minimum, directly infringed the '275 patent, and Nokia is thereby jointly and severally liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271.

26.     On information and belief, Sony Ericsson is jointly, directly and/or indirectly infringing one or more claims of the '275 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Xperia X10 smartphone.  Sony Ericsson, Sony Ericsson USA and users of the Xperia X10 smartphone have, at a minimum, directly infringed the '275 patent, and Sony Ericsson is thereby jointly and severally liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271.

27.     On information and belief, Kyocera is jointly, directly and/or indirectly infringing one or more claims of the '275 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Zio smartphone.  Kyocera and users of the Zio smartphone have, at a minimum, directly infringed the '275 patent, and Kyocera is thereby jointly and severally liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271.

28.     SmartPhone has been damaged as a result of Defendants' infringing conduct described in this Count I.  Defendants are, thus, liable to SmartPhone in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29.     Further, the infringements by each Defendant identified in this Count has been willful as each Defendant has had notice of the '275 patent since, at least, service of this Complaint.  With knowledge of the '275 patent, each Defendant has acted despite an objectively high likelihood that its actions constitute infringement of the '275 patent and with an attendant recklessness or subjective knowledge pertaining to the risk of infringement.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 6,950,645)

30.     Smartphone incorporates paragraphs 1 through 19 herein by reference.

31.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

32.     SmartPhone is the exclusive licensee of the '645 patent, entitled "Power-Conserving Intuitive Device Discovery Technique In A Bluetooth Environment," with ownership of all substantial rights in the '645 patent, including the right to exclude others and to enforce, sue and recover damages for the past and future infringement.  A true and correct copy of the '645 patent is attached as Exhibit B.

33.     The '645 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

34.     On information and belief, HTC is jointly, directly and/or indirectly infringing one or more claims of the '645 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 18, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Hero smartphone.  HTC and users of the Hero smartphone have, at a minimum, directly infringed the '645 patent, and HTC is thereby jointly and severally liable for infringement of the '645 patent pursuant to 35 U.S.C. § 271.

35.     On information and belief, Nokia is jointly, directly and/or indirectly infringing one or more claims of the '645 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 18, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the E71 smartphone.  Nokia and users of the E71 smartphone have, at a minimum,

directly infringed the '645 patent, and Nokia is thereby jointly and severally liable for infringement of the '645 patent pursuant to 35 U.S.C. § 271.

36.     On information and belief, Sony Ericsson is jointly, directly and/or indirectly infringing one or more claims of the '645 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 18, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Xperia X10 smartphone.  Sony Ericsson and users of the Xperia X10 smartphone have, at a minimum, directly infringed the '645 patent, and Sony Ericsson is thereby jointly and severally liable for infringement of the '645 patent pursuant to 35 U.S.C. § 271.

37.     On information and belief, Kyocera is jointly, directly and/or indirectly infringing one or more claims of the '645 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 18, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Zio smartphone.  Kyocera and users of the Zio smartphone have, at a minimum, directly infringed the '645 patent, and Kyocera is thereby jointly and severally liable for infringement of the '645 patent pursuant to 35 U.S.C. § 271.

38.     SmartPhone has been damaged as a result of Defendants' infringing conduct described in this Count II.  Defendants are, thus, liable to SmartPhone in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

39.     Further, the infringements by each Defendant identified in this Count has been willful as each Defendant has had notice of the '275 patent since, at least, service of this Complaint.  With knowledge of the '275 patent, each Defendant has acted despite an objectively

high likelihood that its actions constitute infringement of the '275 patent and with an attendant

recklessness or subjective knowledge pertaining to the risk of infringement.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 7,506,064)

40.    SmartPhone incorporates paragraphs 1 through 19 herein by reference.

41.    This cause of action arises under the patent laws of the United States, and in

particular, 35 U.S.C. §§ 271, *et seq.*

42.    SmartPhone is the exclusive licensee of the '064 patent, entitled "Handheld

Computer System That Attempts To Establish An Alternative Network Link Upon Failing To

Establish A Requested Network Link," with ownership of all substantial rights in the '064 patent,

including the right to exclude others and to enforce, sue and recover damages for the past and

future infringement.  A true and correct copy of the '064 patent is attached as Exhibit C.

43.    The '064 patent is valid, enforceable and was duly issued in full compliance with

Title 35 of the United States Code.

44.    On information and belief, HTC is jointly, directly and/or indirectly infringing

one or more claims of the '064 patent in this judicial district and elsewhere in Texas and the

United States, including at least claim 17, by, among other things, making, using, offering for

sale, selling and/or importing computerized communications devices including, without

limitation, the Hero smartphone.  HTC users of the Hero smartphone have, at a minimum,

directly infringed the '064 patent, and HTC is thereby jointly and severally liable for

infringement of the '064 patent pursuant to 35 U.S.C. § 271.

45.    On information and belief, Nokia is jointly, directly and/or indirectly infringing

one or more claims of the '064 patent in this judicial district and elsewhere in Texas and the

United States, including at least claim 17, by, among other things, making, using, offering for

sale, selling and/or importing computerized communications devices including, without limitation, the N97 smartphone.  Nokia and users of the N97 smartphone have, at a minimum, directly infringed the '064 patent, and Nokia is thereby jointly and severally liable for infringement of the '064 patent pursuant to 35 U.S.C. § 271.

46.    On information and belief, Sony Ericsson is jointly, directly and/or indirectly infringing one or more claims of the '064 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 17, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Xperia X10 smartphone.  Sony Ericsson and users of the Xperia X10 smartphone have, at a minimum, directly infringed the '064 patent, and Sony Ericsson is thereby jointly and severally liable for infringement of the '064 patent pursuant to 35 U.S.C. § 271.

47.    On information and belief, Kyocera is jointly, directly and/or indirectly infringing one or more claims of the '064 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 17, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Zio smartphone.  Kyocera and users of the Zio smartphone have, at a minimum, directly infringed the '064 patent, and Kyocera is thereby jointly and severally liable for infringement of the '064 patent pursuant to 35 U.S.C. § 271.

48.    SmartPhone has been damaged as a result of Defendants' infringing conduct described in this Count III.  Defendants are, thus, liable to SmartPhone in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

49.    Further, the infringements by each Defendant identified in this Count has been willful as each Defendant has had notice of the '275 patent since, at least, service of this

Complaint.  With knowledge of the '275 patent, each Defendant has acted despite an objectively high likelihood that its actions constitute infringement of the '275 patent and with an attendant recklessness or subjective knowledge pertaining to the risk of infringement.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 6,243,705)

50.     SmartPhone incorporates paragraphs 1 through 19 herein by reference.

51.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

52.     SmartPhone is the exclusive licensee of the '705 patent, entitled "Method And Apparatus For Synchronizing Information On Two Different Computer Systems," with ownership of all substantial rights in the '705 patent, including the right to exclude others and to enforce, sue and recover damages for the past and future infringement thereof.   A true and correct copy of the '705 patent is attached as Exhibit D.

53.     The '705 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

54.     On information and belief, Nokia is jointly, directly and/or indirectly infringing one or more claims of the '705 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 11, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the E71 smartphone.  Nokia and users of the E71 smartphone have, at a minimum, directly infringed the '705 patent, and Nokia is thereby jointly and severally liable for infringement of the '705 patent pursuant to 35 U.S.C. § 271.

55.     SmartPhone has been damaged as a result of Nokia's infringing conduct described in this Count IV.  Nokia is, thus, liable to SmartPhone in an amount that adequately compensates

it for Nokia's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

56.     Further, the infringements by Nokia identified in this Count has been willful as Nokia has had notice of the '275 patent since, at least, service of this Complaint.   With knowledge of the '275 patent, Nokia has acted despite an objectively high likelihood that its actions constitute infringement of the '275 patent and with an attendant recklessness or subjective knowledge pertaining to the risk of infringement.

## COUNT V

### (INFRINGEMENT OF U.S. PATENT NO. 7,533,342)

57.     SmartPhone incorporates paragraphs 1 through 19 herein by reference.

58.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

59.     SmartPhone is the exclusive licensee of the '342 patent, entitled "System And Method Of A Personal Computer Device Providing Telephone Capability," with ownership of all substantial rights in the '342 patent, including the right to exclude others and to enforce, sue and recover damages for the past and future infringement thereof.   A true and correct copy of the '342 patent is attached as Exhibit E.

60.     The '342 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

61.     On information and belief, HTC is jointly, directly and/or indirectly infringing one or more claims of the '342 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 6, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Hero smartphone.   HTC and users of the Hero smartphone have, at a minimum, directly

infringed the '342 patent, and HTC is thereby jointly and severally liable for infringement of the '342 patent pursuant to 35 U.S.C. § 271.

62.     On information and belief, Nokia is jointly, directly and/or indirectly infringing one or more claims of the '342 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 6, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the 5800 XpressMusic smartphone.  Nokia and users of the 5800 XpressMusic smartphone have, at a minimum, directly infringed the '342 patent, and Nokia is thereby jointly and severally liable for infringement of the '342patent pursuant to 35 U.S.C. § 271.

63.     On information and belief, Kyocera is jointly, directly and/or indirectly infringing one or more claims of the '342 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 6, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Zio smartphone.   Kyocera and users of the Zio smartphone have, at a minimum, directly infringed the '342 patent, and Kyocera is thereby jointly and severally liable for infringement of the '342 patent pursuant to 35 U.S.C. § 271.

64.     SmartPhone has been damaged as a result of Defendants' infringing conduct described in this Count V.   Defendants are, thus, liable to SmartPhone in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

65.     Further, the infringements by each Defendant identified in this Count has been willful as each Defendant has had notice of the '275 patent since, at least, service of this Complaint.  With knowledge of the '275 patent, each Defendant has acted despite an objectively

high likelihood that its actions constitute infringement of the '275 patent and with an attendant

recklessness or subjective knowledge pertaining to the risk of infringement.

## COUNT VI

### (INFRINGEMENT OF U.S. PATENT NO. RE. 40,459)

66.     SmartPhone incorporates paragraphs 1 through 19 herein by reference.

67.     This cause of action arises under the patent laws of the United States, and in

particular, 35 U.S.C. §§ 271, *et seq*.

68.     SmartPhone is the exclusive licensee of the '459 patent, entitled "Method And

Apparatus For Communicating Information Over Low Bandwidth Communications Networks,"

with ownership of all substantial rights in the '459 patent, including the right to exclude others

and to enforce, sue and recover damages for the past and future infringement thereof.  A true and

correct copy of the '459 patent is attached as Exhibit F.

69.     The '459 patent is valid, enforceable and was duly issued in full compliance with

Title 35 of the United States Code.

70.     On information and belief, HTC is jointly, directly and/or indirectly infringing

one or more claims of the '459 patent in this judicial district and elsewhere in Texas and the

United States, including at least claim 1, by, among other things, making, using, offering for sale,

selling and/or importing computerized communications devices including, without limitation, the

Hero smartphone.   HTC and users of the Hero smartphone have, at a minimum, directly

infringed the '459 patent, and HTC is thereby jointly and severally liable for infringement of the

'459 patent pursuant to 35 U.S.C. § 271.

71.     On information and belief, Nokia is jointly, directly and/or indirectly infringing

one or more claims of the '459 patent in this judicial district and elsewhere in Texas and the

United States, including at least claim 1, by, among other things, making, using, offering for sale,

selling and/or importing computerized communications devices including, without limitation, the N95 smartphone.  Nokia and users of the N95 smartphone have, at a minimum, directly infringed the '459 patent, and Nokia is thereby jointly and severally liable for infringement of the '459 patent pursuant to 35 U.S.C. § 271.  .

72.    On information and belief, Sony Ericsson is jointly, directly and/or indirectly infringing one or more claims of the '459 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Xperia smartphone.  Sony Ericsson and users of the Xperia smartphone have, at a minimum, directly infringed the '459 patent, and Sony Ericsson is thereby jointly and severally liable for infringement of the '459 patent pursuant to 35 U.S.C. § 271.

73.    On information and belief, Kyocera is jointly, directly and/or indirectly infringing one or more claims of the '459 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Zio smartphone.  Kyocera and users of the Zio smartphone have, at a minimum, directly infringed the '459 patent, and Kyocera is thereby jointly and severally liable for infringement of the '459 patent pursuant to 35 U.S.C. § 271.

74.    SmartPhone has been damaged as a result of Defendants' infringing conduct described in this Count VI.  Defendants are, thus, liable to SmartPhone in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

75.    Further, the infringements by each Defendant identified in this Count has been willful as each Defendant has had notice of the '275 patent since, at least, service of this

Complaint.  With knowledge of the '275 patent, each Defendant has acted despite an objectively high likelihood that its actions constitute infringement of the '275 patent and with an attendant recklessness or subjective knowledge pertaining to the risk of infringement.

### COUNT VII

#### (INFRINGEMENT OF U.S. PATENT NO. 6,470,381)

76.     SmartPhone incorporates paragraphs 1 through 19 herein by reference.

77.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

78.     SmartPhone is the exclusive licensee of United States patent number 6,470,381, entitled "Wireless Communication Device With Markup Language Based Man-Machine Interface" ("the '381 patent") with ownership of all substantial rights in the '381 patent, including the right to exclude others and to enforce, sue and recover damages for the past and future infringement thereof.  A true and correct copy of the '381 patent is attached as Exhibit G.

79.     The '381 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

80.     On information and belief, HTC is jointly, directly and/or indirectly infringing one or more claims of the '381 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Hero smartphone.  HTC and users of the Hero smartphone have, at a minimum, directly infringed the '381 patent, and HTC is thereby jointly and severally liable for infringement of the '381 patent pursuant to 35 U.S.C. § 271.

81.     On information and belief, Nokia is jointly, directly and/or indirectly infringing one or more claims of the '381 patent in this judicial district and elsewhere in Texas and the

United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the S60 smartphone.  Nokia and users of the S60 smartphone have, at a minimum, directly infringed the '381 patent, and Nokia is thereby jointly and severally liable for infringement of the '381 patent pursuant to 35 U.S.C. § 271.

82.     On information and belief, Sony Ericsson is jointly, directly and/or indirectly infringing one or more claims of the '381 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Xperia X10 smartphone.  Sony Ericsson and users of the Xperia X10 smartphone have, at a minimum, directly infringed the '381 patent, and Sony Ericsson is thereby jointly and severally liable for infringement of the '381 patent pursuant to '381 patent pursuant to '381 U.S.C. § 271.

83.     On information and belief, Kyocera is jointly, directly and/or indirectly infringing one or more claims of the '381 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 14, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Zio smartphone.  Kyocera and users of the Zio smartphone have, at a minimum, directly infringed the '381 patent, and Kyocera is thereby jointly and severally liable for infringement of the '381 patent pursuant to 35 U.S.C. § 271.

84.     SmartPhone has been damaged as a result of Defendants' infringing conduct described in this Count VII.  Defendants are, thus, liable to SmartPhone in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

85.     Further, the infringements by each Defendant identified in this Count has been willful as each Defendant has had notice of the '275 patent since, at least, service of this Complaint.  With knowledge of the '275 patent, each Defendant has acted despite an objectively high likelihood that its actions constitute infringement of the '275 patent and with an attendant recklessness or subjective knowledge pertaining to the risk of infringement.

## COUNT VIII

### (INFRINGEMENT OF U.S. PATENT NO. 6,317,781)

86.     SmartPhone incorporates paragraphs 1 through 19 herein by reference.

87.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

88.     SmartPhone is the exclusive licensee of the '781 patent, entitled "Wireless Communication Device with Markup Language Based Man-Machine Interface," with ownership of all substantial rights in the '781 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '781 patent is attached as Exhibit H.

89.     The '781 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

90.     On information and belief, HTC is jointly, directly and/or indirectly infringing one or more claims of the '781 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 3, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Droid Eris smartphone.  HTC and users of the Droid Eris smartphone have, at a minimum, directly infringed the '781 patent, and HTC is thereby jointly and severally liable for infringement of the '781 patent pursuant to 35 U.S.C. § 271.

19

91.     On information and belief, Nokia is jointly, directly and/or indirectly infringing one or more claims of the '781 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 3, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the S60 smartphone.  Nokia and users of the Nokia S60 smartphone have, at a minimum, directly infringed the '781 patent, and Nokia is thereby jointly and severally liable for infringement of the '781 patent pursuant to 35 U.S.C. § 271.

92.     On information and belief, Sony Ericsson is jointly, directly and/or indirectly infringing one or more claims of the '781 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 3, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Xperia X10 smartphone.  Sony Ericsson and users of the Xperia X10 smartphone have, at a minimum, directly infringed the '781 patent, and Sony Ericsson is thereby jointly and severally liable for infringement of the '781 patent pursuant to 35 U.S.C. § 271.

93.     On information and belief, Kyocera is jointly, directly and/or indirectly infringing one or more claims of the '781 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 3, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Zio smartphone.  Kyocera and users of the Zio smartphone have, at a minimum, directly infringed the '781 patent, and Kyocera is thereby jointly and severally liable for infringement of the '781 patent pursuant to 35 U.S.C. § 271.

94.     SmartPhone has been damaged as a result of Defendants' infringing conduct described in this Count VIII.  Defendants are, thus, liable to SmartPhone in an amount that

adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

95.     Further, the infringements by each Defendant identified in this Count has been willful as each Defendant has had notice of the '275 patent since, at least, service of this Complaint.  With knowledge of the '275 patent, each Defendant has acted despite an objectively high likelihood that its actions constitute infringement of the '275 patent and with an attendant recklessness or subjective knowledge pertaining to the risk of infringement.

## COUNT IX

### (INFRINGEMENT OF U.S. PATENT NO. 7,693,949)

96.     SmartPhone incorporates paragraphs 1 through 19 herein by reference.

97.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

98.     SmartPhone is the exclusive licensee of the '949 patent, entitled "Data Exchange Between A Handheld Device And Another Computer System Using An Exchange Manager Via Synchronization," with ownership of all substantial rights in the '949 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.  A true and correct copy of the '949 patent is attached as Exhibit I.

99.     The '949 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

100.     On information and belief, HTC is jointly, directly and/or indirectly infringing one or more claims of the '949 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including without limitation the Hero smartphone.   HTC and users of the Hero smartphone have, at a minimum, directly

infringed the '949 patent, and HTC is thereby jointly and severally liable for infringement of the '949 patent pursuant to 35 U.S.C. § 271.

101.    On information and belief, Nokia is jointly, directly and/or indirectly infringing one or more claims of the '949 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the N900 smartphone.   Nokia and users of the N900 smartphone have, at a minimum, directly infringed the '949 patent, and Nokia Siemens is thereby jointly and severally liable for infringement of the '949 patent pursuant to 35 U.S.C. § 271.

102.    On information and belief, Sony Ericsson is jointly, directly and/or indirectly infringing one or more claims of the '949 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Xperia X10 smartphone.   Sony Ericsson and users of the Xperia X10 smartphone have, at a minimum, directly infringed the '949 patent, and Sony Ericsson is thereby jointly and severally liable for infringement of the '949 patent pursuant to 35 U.S.C. § 271.

103.    On information and belief, Kyocera is jointly, directly and/or indirectly infringing one or more claims of the '949 patent in this judicial district and elsewhere in Texas and the United States, including at least claim 1, by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices including, without limitation, the Zio smartphone.   Kyocera and users of the Zio smartphone have, at a minimum, directly infringed the '949 patent, and Kyocera is thereby jointly and severally liable for infringement of the '949 patent pursuant to 35 U.S.C. § 271.

104.    SmartPhone has been damaged as a result of Defendants' infringing conduct described in this Count IX.   Defendants are, thus, liable to SmartPhone in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

105.    Further, the infringements by each Defendant identified in this Count has been willful as each Defendant has had notice of the '275 patent since, at least, service of this Complaint.  With knowledge of the '275 patent, each Defendant has acted despite an objectively high likelihood that its actions constitute infringement of the '275 patent and with an attendant recklessness or subjective knowledge pertaining to the risk of infringement.

## JURY DEMAND

SmartPhone hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

SmartPhone requests that the Court find in its favor and against Defendants, and that the Court grant SmartPhone the following relief:

a.    Judgment that one or more claims of the '275, '645, '064, '705, '342, '459, '381, '781 and '949 patents have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.    Judgment that Defendants account for and pay to SmartPhone all damages to and costs incurred by SmartPhone because of Defendants' infringing activities and other conduct complained of herein;

c.    Judgment that Defendants account for and pay to SmartPhone a reasonable, on-going, post judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d.    That Defendants' infringements be found to be willful from the time that Defendants became aware of the infringing nature of their respective products and

services, which is the time of filing of Plaintiff's Original Complaint, at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.    That SmartPhone be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f.    That this Court declare this an exceptional case and award SmartPhone its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

g.    That SmartPhone be granted such other and further relief as the Court may deem just and proper under the circumstances.


Dated:  October 29, 2010                        Respectfully submitted,


                                                /s/  John Ward, Jr.
                                                Edward R. Nelson, III
                                                enelson@nbclaw.net
                                                Texas State Bar No. 00797142
                                                Christie B. Lindsey
                                                clindsey@nbclaw.net
                                                Texas State Bar No. 24041918
                                                NELSON BUMGARDNER CASTO, P.C.
                                                3131 West 7th Street, Suite 300
                                                Fort Worth, Texas 76107
                                                Phone:  (817) 377-9111
                                                Fax: (817) 377-3485

                                                Anthony G. Simon
                                                asimon@simonlawpc.com
                                                Timothy E. Grochocinski
                                                teg@simonlawpc.com
                                                THE SIMON LAW FIRM, P.C.
                                                701 Market Ste 1450
                                                St. Louis MO 63101
                                                Phone: (314) 241-2929
                                                Fax:    (314) 241-2029

                                                S. Brannon Latimer
                                                Texas State Bar No. 24060137
                                                LATIMER INTELLECTUAL PROPERTY, PC
                                                P.O. Box 471430
                                                Fort Worth, TX  76147
                                                (469) 619-7291

(972) 767-3320 (fax)
brannon.latimer@latimeriplaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas  75601
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com

Attorneys for Plaintiff
SmartPhone Technologies, LLC