**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SMARTPHONE TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | **Civil Action No. 6:10-cv-580** |
| | § | |
| HTC CORPORATION, | § | |
| HTC B.V.I., | § | |
| HTC AMERICA, INC. | § | |
| EXEDEA, INC. | § | |
| NOKIA CORPORATION, | § | |
| NOKIA, INC. | § | |
| SONY ERICSSON MOBILE | § | |
| COMMUNICATIONS AB, | § | |
| SONY ERICSSON MOBILE | § | |
| COMMUNICATIONS (USA), INC., | § | |
| KYOCERA CORPORATION, | § | |
| KYOCERA INTERNATIONAL, INC., and | § | |
| KYOCERA COMMUNICATIONS, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF KYOCERA
COMMUNICATIONS, INC. TO PLAINTIFF'S COMPLAINT FOR PATENT
INFRINGEMENT**

Kyocera Communications, Inc. ("KCI"), by and through its undersigned attorneys,

hereby answers the Complaint for Patent Infringement (the "Complaint") filed by Plaintiff

SmartPhone Technologies, LLC ("Plaintiff") as follows:

<u>**THE PARTIES**</u>

1.     KCI states that Paragraph 1 does not contain any allegations directed to KCI and

therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a

response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 1 of the Complaint, and on that basis KCI denies those allegations.

2.      KCI states that Paragraph 2 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 2 of the Complaint, and on that basis KCI denies those allegations.

3.      KCI states that Paragraph 3 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 3 of the Complaint, and on that basis KCI denies those allegations.

4.      KCI states that Paragraph 4 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 4 of the Complaint, and on that basis KCI denies those allegations.

5.      KCI states that Paragraph 5 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 5 of the Complaint, and on that basis KCI denies those allegations.

6.      KCI states that Paragraph 6 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 6 of the Complaint, and on that basis KCI denies those allegations.

7.      KCI states that Paragraph 7 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 7 of the Complaint, and on that basis KCI denies those allegations.

8.      KCI states that Paragraph 8 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 8 of the Complaint, and on that basis KCI denies those allegations.

9.      KCI states that Paragraph 9 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 9 of the Complaint, and on that basis KCI denies those allegations.

10.     KCI states that Paragraph 10 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 10 of the Complaint, and on that basis KCI denies those allegations.

11.     KCI states that Paragraph 11 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 11 of the Complaint, and on that basis KCI denies those allegations.

12.     KCI states that Paragraph 12 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the

allegations of Paragraph 12 of the Complaint, and on that basis KCI denies those allegations.

13.     KCI states that Paragraph 13 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  Further responding, the Complaint has been voluntarily dismissed as to the Defendant referenced by this Paragraph.

14.     KCI states that Paragraph 14 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  Further responding, the Complaint has been voluntarily dismissed as to the Defendant referenced by this Paragraph.

15.     The assertion in Paragraph 15 that Defendants Kyocera Corporation, Kyocera International, Inc and Kyocera communications, Inc. are collectively referred to in the Complaint as "Kyocera" requires no response from KCI.   KCI admits the remaining allegations of Paragraph 15.

16.     KCI denies the allegations of Paragraph 16.

## JURISDICTION AND VENUE

17.     KCI admits that, because Plaintiff alleges that this action arises under the patent laws of the United States, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18.     KCI admits that Plaintiff alleges that venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  KCI denies that venue is proper as to KCI on the bases alleged in Paragraph 18.  Further, venue is not convenient in this district, and KCI reserve the right to seek a transfer of venue.  KCI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 directed to other Defendants in this case, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

19.     KCI admits that Plaintiff alleges that this Court has specific and general personal jurisdiction over each Defendant pursuant to due process and/or the Texas Long Arm Statute. KCI denies that it transacts substantial business in Texas and this judicial district.  KCI further denies that it has engaged in any infringing activities alleged by the Complaint.  KCI also denies that it regularly does or solicits business in Texas and in this judicial district.  KCI admits that it derives substantial revenue from goods and services provided to Texas residents.  KCI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 directed to other Defendants in this case, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 7,076,275)

20.     No response is required from KCI with respect to Paragraph 20 because it does not contain allegations.

21.     KCI admits that Plaintiff alleges in Paragraph 21 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

22.     KCI admits that United States Patent No. 7,076,275 (the "'275 patent") is entitled "Method And System For Single-Step Enablement Of Telephony Functionality For A Portable Computer System."  KCI also admits that Plaintiff attaches as Exhibit A what it alleges to be a true and correct copy of the '275 patent.  KCI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

23.      KCI denies the allegations in Paragraph 23.

24.      KCI states that Paragraph 24 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 24 of the Complaint, and on that basis KCI denies those allegations.

25.      KCI states that Paragraph 25 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 25 of the Complaint, and on that basis KCI denies those allegations.

26.      KCI states that Paragraph 26 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 26 of the Complaint, and on that basis KCI denies those allegations.

27.      KCI denies the allegations in Paragraph 27.

28.      KCI denies the allegation in Paragraph 28 that Plaintiff has suffered damage as a result of infringement by KCI of the '275 patent.  KCI denies that it has infringed the '275 patent, and denies that Plaintiff is entitled to money damages from KCI.  KCI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28 directed to other Defendants in this case, and on that basis KCI denies those allegations. Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

29.      KCI denies the allegations in Paragraph 29.  KCI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 directed to other

Defendants in this case, and on that basis KCI denies those allegations.  Further responding, KCI

states that no answer is required with respect to Defendants voluntarily dismissed from this

action.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 6,950,645)

30.     No response is required from KCI with respect to Paragraph 30 because it does

not contain allegations.

31.     KCI admits that Plaintiff alleges in Paragraph 31 that this cause of action arises

under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

32.     KCI admits that United States Patent No. 6,950,645 (the "'645 patent") is entitled

"Power-Conserving Intuitive Device Discovery Technique In A Bluetooth Environment."  KCI

also admits that Plaintiff attaches as Exhibit B what it alleges to be a true and correct copy of the

'645 patent.  KCI is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in Paragraph 32, and on that basis KCI denies those allegations.

Further responding, KCI states that no answer is required with respect to Defendants voluntarily

dismissed from this action.

33.     KCI denies the allegations in Paragraph 33.

34.     KCI states that Paragraph 34 does not contain any allegations directed to KCI and

therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a

response, KCI is without knowledge or information sufficient to form a belief regarding the

allegations of Paragraph 34 of the Complaint, and on that basis KCI denies those allegations.

35.     KCI states that Paragraph 35 does not contain any allegations directed to KCI and

therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a

response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 35 of the Complaint, and on that basis KCI denies those allegations.

36.     KCI states that Paragraph 36 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 36 of the Complaint, and on that basis KCI denies those allegations.

37.     KCI denies the allegations in Paragraph 37.

38.     KCI denies the allegation in Paragraph 38 that Plaintiff has suffered damage as a result of infringement by KCI of the '645 patent.  KCI denies that it has infringed the '645 patent, and denies that Plaintiff is entitled to money damages from KCI.  KCI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38 directed to other Defendants in this case, and on that basis KCI denies those allegations. Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

39.     KCI denies the allegations in Paragraph 39.  KCI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 directed to other Defendants in this case, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,506,064)

40.     No response is required from KCI with respect to Paragraph 40 because it does not contain allegations.

41.     KCI admits that Plaintiff alleges in Paragraph 41 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

42.     KCI admits that United States Patent No. 7,506,064 (the "'064 patent") is entitled "Handheld Computer System that Attempts To Establish An Alternative Network Link Upon Failing To Establish A Requested Network Link."  KCI also admits that Plaintiff attaches as Exhibit C what it alleges to be a true and correct copy of the '064 patent.  KCI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

43.     KCI denies the allegations in Paragraph 43.

44.     KCI states that Paragraph 44 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 44 of the Complaint, and on that basis KCI denies those allegations.

45.     KCI states that Paragraph 45 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 45 of the Complaint, and on that basis KCI denies those allegations.

46.     KCI states that Paragraph 46 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 46 of the Complaint, and on that basis KCI denies those allegations.

47.     KCI denies the allegations in Paragraph 47.

48.     KCI denies the allegation in Paragraph 48 that Plaintiff has suffered damage as a result of infringement by KCI of the '064 patent.  KCI denies that it has infringed the '064 patent, and denies that Plaintiff is entitled to money damages from KCI.  KCI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 48 directed to other Defendants in this case, and on that basis KCI denies those allegations. Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

49.     KCI denies the allegations in Paragraph 49.  KCI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 directed to other Defendants in this case, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

**COUNT IV**

(INFRINGEMENT OF U.S. PATENT NO. 6,243,705)

50.     No response is required from KCI with respect to Paragraph 50 because it does not contain allegations.

51.     KCI admits that Plaintiff alleges in Paragraph 51 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

52.     KCI admits that United States Patent No. 6,243,705 (the "'705 patent") is entitled "Method and Apparatus for Synchronizing Information on Two Different Computer Systems Handheld Computer Systems."  KCI also admits that Plaintiff attaches as Exhibit D what it alleges to be a true and correct copy of the '705 patent.  KCI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, and on that

basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

53.     KCI states that Paragraph 53 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 53 of the Complaint, and on that basis KCI denies those allegations.

54.     KCI states that Paragraph 54 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 54 of the Complaint, and on that basis KCI denies those allegations.

55.     KCI states that Paragraph 55 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 55 of the Complaint, and on that basis KCI denies those allegations.

56.     KCI states that Paragraph 56 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 56 of the Complaint, and on that basis KCI denies those allegations.

<u>**COUNT V**</u>

(INFRINGEMENT OF U.S. PATENT NO. 7,533,342)

57.     No response is required from KCI with respect to Paragraph 57 because it does not contain allegations.

58.     KCI admits that Plaintiff alleges in Paragraph 58 that this cause of action arises

under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

59.     KCI admits that United States Patent No. 7,533,342 (the "'342 patent") is entitled "System And Method Of A Personal Computer Device Providing Telephone Capability."  KCI also admits that Plaintiff attaches as Exhibit E what it alleges to be a true and correct copy of the '342 patent.  KCI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59, and on that basis KCI denies those allegations. Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

60.     KCI denies the allegations in Paragraph 60.

61.     KCI states that Paragraph 61 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 61 of the Complaint, and on that basis KCI denies those allegations.

62.     KCI states that Paragraph 62 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 62 of the Complaint, and on that basis KCI denies those allegations.

63.     KCI denies the allegations in Paragraph 63.

64.     KCI denies the allegation in Paragraph 64 that Plaintiff has suffered damage as a result of infringement by KCI of the '342 patent.  KCI denies that it has infringed the '342 patent, and denies that Plaintiff is entitled to money damages from KCI.  KCI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 64 directed to other Defendants in this case, and on that basis KCI denies those allegations.

Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

65.    KCI denies the allegations in Paragraph 65.  KCI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 directed to other Defendants in this case, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

## COUNT VI

### (INFRINGEMENT OF U.S. PATENT NO. RE 40,459)

66.    No response is required from KCI with respect to Paragraph 66 because it does not contain allegations.

67.    KCI admits that Plaintiff alleges in Paragraph 67 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

68.    KCI admits that United States Reissue Patent No. 40,459 (the "'459 patent") is entitled "Method And Apparatus For Communicating Information Over Low bandwidth Communications Networks."  KCI also admits that Plaintiff attaches as Exhibit F what it alleges to be a true and correct copy of the '459 patent.  KCI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

69.    KCI denies the allegations in Paragraph 69.

70.    KCI states that Paragraph 70 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a

response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 70 of the Complaint, and on that basis KCI denies those allegations.

71.     KCI states that Paragraph 71 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 71 of the Complaint, and on that basis KCI denies those allegations.

72.     KCI states that Paragraph 72 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 72 of the Complaint, and on that basis KCI denies those allegations.

73.     KCI denies the allegations in Paragraph 73.

74.     KCI denies the allegation in Paragraph 74 that Plaintiff has suffered damage as a result of infringement by KCI of the '459 patent.  KCI denies that it has infringed the '459 patent, and denies that Plaintiff is entitled to money damages from KCI.  KCI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 74 directed to other Defendants in this case, and on that basis KCI denies those allegations. Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

75.     KCI denies the allegations in Paragraph 75.  KCI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 directed to other Defendants in this case, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

## COUNT VII

### (INFRINGEMENT OF U.S. PATENT NO. 6,470,381)

76.    No response is required from KCI with respect to Paragraph 76 because it does not contain allegations.

77.    KCI admit that Plaintiff alleges in Paragraph 77 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

78.    KCI admits that United States Patent No. 6,470,381 (the "'381 patent") is entitled "Wireless Communication Device with Markup Language Based Man-Machine Interface."  KCI also admits that Plaintiff attaches as Exhibit G what it alleges to be a true and correct copy of the '381 patent.  KCI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

79.    KCI denies the allegations in Paragraph 79.

80.    KCI states that Paragraph 80 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 80 of the Complaint, and on that basis KCI denies those allegations.

81.    KCI states that Paragraph 81 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 81 of the Complaint, and on that basis KCI denies those allegations.

82.    KCI states that Paragraph 82 does not contain any allegations directed to KCI and

therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 82 of the Complaint, and on that basis KCI denies those allegations.

83.     KCI denies the allegations in Paragraph 83.

84.     KCI denies the allegation in Paragraph 84 that Plaintiff has suffered damage as a result of infringement by KCI of the '381 patent.  KCI denies that it has infringed the '381 patent, and denies that Plaintiff is entitled to money damages from KCI.  KCI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 84 directed to other Defendants in this case, and on that basis KCI denies those allegations. Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

85.     KCI denies the allegations in Paragraph 85.  KCI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 directed to other Defendants in this case, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

## COUNT VIII

### (INFRINGEMENT OF U.S. PATENT NO. 6,317,781)

86.     No response is required from KCI with respect to Paragraph 86 because it does not contain allegations.

87.     KCI admits that Plaintiff alleges in Paragraph 87 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

88.     KCI admits that United States Patent No. 6,317,781 (the "'781 patent") is entitled "Wireless Communication Device with Markup Language Based Man Machine Interface."  KCI also admits that Plaintiff attaches as Exhibit H what it alleges to be a true and correct copy of the '781 patent.  KCI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

89.     KCI denies the allegations in Paragraph 89.

90.     KCI states that Paragraph 90 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 90 of the Complaint, and on that basis KCI denies those allegations.

91.     KCI states that Paragraph 91 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 91 of the Complaint, and on that basis KCI denies those allegations.

92.     KCI states that Paragraph 92 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 92 of the Complaint, and on that basis KCI denies those allegations.

93.     KCI denies the allegations in Paragraph 93.

94.     KCI denies the allegation in Paragraph 94 that Plaintiff has suffered damage as a result of infringement by KCI of the '781 patent.  KCI denies that it has infringed the '781 patent,

and denies that Plaintiff is entitled to money damages from KCI.  KCI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 94 directed to other Defendants in this case, and on that basis KCI denies those allegations. Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

95.     KCI denies the allegations in Paragraph 95.  KCI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 directed to other Defendants in this case, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

**COUNT IX**

(INFRINGEMENT OF U.S. PATENT NO. 7,693,949)

96.     No response is required from KCI with respect to Paragraph 96 because it does not contain allegations.

97.     KCI admits that Plaintiff alleges in Paragraph 97 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

98.     KCI admits that United States Patent No. 7,693,949 (the "'949 patent") is entitled "Data Exchange Between A Handheld Device And Another Computer System Using An Exchange Manager Via Synchronization."  KCI also admits that Plaintiff attaches as Exhibit I what it alleges to be a true and correct copy of the '949 patent.  KCI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98, and on that basis KCI deny those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

99.     KCI denies the allegations in Paragraph 99.

100.     KCI states that Paragraph 100 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 100 of the Complaint, and on that basis KCI denies those allegations.

101.     KCI states that Paragraph 101 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 101 of the Complaint, and on that basis KCI denies those allegations.

102.     KCI states that Paragraph 102 does not contain any allegations directed to KCI and therefore requires no answer from KCI.  To the extent this Paragraph is deemed to require a response, KCI is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 102 of the Complaint, and on that basis KCI denies those allegations.

103.     KCI denies the allegations in Paragraph 103.

104.     KCI denies the allegation in Paragraph 104 that Plaintiff has suffered damage as a result of infringement by KCI of the '949 patent.  KCI denies that it has infringed the '949 patent, and denies that Plaintiff is entitled to money damages from KCI.  KCI lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 104 directed to other Defendants in this case, and on that basis KCI denies those allegations. Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

105.     KCI denies the allegations in Paragraph 105.  KCI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 directed

to other Defendants in this case, and on that basis KCI denies those allegations.  Further responding, KCI states that no answer is required with respect to Defendants voluntarily dismissed from this action.

## DEMAND FOR JURY TRIAL

106.   KCI demands a trial by jury of any and all issues in this action so triable.

## PRAYER FOR RELIEF

107.   To the extent Plaintiff's Prayer for Relief relates to KCI, KCI denies that Plaintiff is entitled to any damages or other relief against KCI.

## AFFIRMATIVE DEFENSES

108.   KCI asserts the following affirmative defenses without admitting or acknowledging that it bears the burden of proof as to any of them.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

109.   The Complaint fails to state any claims against KCI upon which relief can be granted against KCI.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

110.   KCI has not infringed, and does not infringe, any of the claims of the '275, '645, '064, '342, '459, '381, '781, or '949 patents, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

## THIRD AFFIRMATIVE DEFENSE

### (Invalidity)

111.     All claims of the '275, '645, '064, '342, '459, '381, '781, or '949 patents are invalid

for failing to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or

112.

## FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

112.     Plaintiff is estopped from construing any valid claim of the '275, '645, '064, '342,

'459, '381, '781, or '949 patents to cover or include, either literally or by application of the

doctrine of equivalents, any product made, used, imported, sold or offered for sale by KCI

because of admissions and/or statements made to the United States Patent and Trademark Office

in the specification of and during prosecution of the application leading to the issuance of the

'275, '645, '064, '342, '459, '381, '781, or '949 patents.

## FIFTH AFFIRMATIVE DEFENSE

### (Implied License)

113.     The relief sought by Plaintiff is barred in whole or in part by the doctrine of

implied license.

## SIXTH AFFIRMATIVE DEFENSE

### (Acquiescence)

114.     The relief sought by Plaintiff is barred in whole or in part by the doctrine of

acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

115.    The relief sought by Plaintiff is barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

116.    Plaintiff is barred by the doctrine of laches from seeking any relief in this action, and, at a minimum, Plaintiff is barred from seeking any damages for any conduct prior to the filing of this action.

## NINTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 286)

117.    Plaintiff's claims for relief and prayer for damages are limited by 35 U.S.C. § 286.

## TENTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 287)

118.    Plaintiff's claims for relief and prayer for damages are limited in whole or in part under 35 U.S.C. § 287.

## ELEVENTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 288)

119.    On information and belief, Plaintiff is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure To Join A Party Under Rule 19)

120.     On information and belief, Plaintiff has failed to join a necessary party under Rule

19 of the Federal Rules of Civil Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack Of Standing)

121.     Plaintiff lacks standing to assert infringement of the '275, '645, '064, '342, '459,

'381, '781, and '949 patents.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Misjoinder)

122.     On information and belief, the parties and claims in this action are improperly

joined in one action under Rule 20 of the Federal Rules of Civil Procedure.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Miscellaneous)

123.     KCI reserve the right to assert any other defenses discovery may reveal.

## <u>COUNTERCLAIMS</u>

For its Counterclaims against Plaintiff, KCI alleges as follows and hereby demands a jury

trial on all issues so triable:

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement)

1.     KCI incorporates and realleges Paragraphs 1- 123 of its Answer and each of its

Affirmative Defenses.

2.     By its Complaint, Plaintiff asserts that KCI has infringed United States Patent

- 23 -

Nos. 7,076,275 (the "'275 patent"), 6,950,645 (the "'645 patent"), 7,506,064 (the "'064 patent"),

7,533,342 (the "'342 patent"), 6,470,381 (the "'381 patent"), 6,317,781 (the "'781 patent"),

7,693,949 (the "'949 patent") and United States Reissue Patent No. 40,459 (the "'459 patent")

(collectively, the "'275, '645, '064, '342, '381, '781, '949 and '459 patents").

     3.     KCI has denied Plaintiff's claim of infringement of the '275, '645, '064, '342, '381,

'781, '949 and '459 patents, and contends that it does not infringe the '275, '645, '064, '342, '381,

'781, '949 and '459 patents or any valid or enforceable asserted claim thereof.

     4.     An actual and justiciable controversy has thus arisen between Plaintiff and KCI

concerning the alleged infringement of the '275, '645, '064, '342, '381, '781, '949 and '459 patents.

     5.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, KCI

is entitled to judgment from this Court finding that the '275, '645, '064, '342, '381, '781, '949 and

'459 patents are not infringed, directly or indirectly, by KCI.

     6.     Because this Counterclaim arises under the Patent Laws, Title 35 of the United

States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a).

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

     7.     KCI incorporates and realleges Paragraphs 1- 123 of its Answer and each of its

Affirmative Defenses, and Paragraphs 1 - 6 of its Counterclaims.

     8.     By their Complaint, Plaintiff asserts that the '275, '645, '064, '342, '381, '781, '949

and '459 patents are valid.  KCI has denied this allegation and contends that the '275, '645, '064,

'342, '381, '781, '949 and '459 patents are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

9.      An actual and justiciable controversy has thus arisen between Plaintiff and KCI concerning the validity of the '275, '645, '064, '342, '381, '781, '949 and '459 patents.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., KCI is entitled to judgment from this Court finding that the '275, '645, '064, '342, '381, '781, '949 and '459 patents are invalid pursuant to 35 U.S.C. §§ 102, 103 and/or 112.

11.     Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## DEMAND FOR JURY TRIAL

12.     KCI demands a trial by jury of any and all issues in this action so triable.

## PRAYER FOR RELIEF

Wherefore, KCI requests that the Court enter judgment for KCI, and award it the following relief:

A.      Dismiss Plaintiff's Complaint with prejudice and find that Plaintiff takes nothing by its claims against KCI;

B.      Enter judgment in favor of KCI, and against Plaintiff, on the Complaint;

C.      Declare that KCI has not infringed the '275, '645, '064, '342, '381, '781, '949 and '459 patents or any valid asserted claim therein;

D.      Declare that the claims of the '275, '645, '064, '342, '381, '781, '949 and '459 patents are invalid;

E.      Enjoin Plaintiff, its assigns, and all those in privity therewith from asserting the '275, '645, '064, '342, '381, '781, '949 and '459 patents against KCI or any of its customers or suppliers;

F.      Find this case an exceptional case and award KCI its attorneys' fees and costs

under 35 U.S.C. § 285; and

G.      Grant KCI such other and further relief as the Court deems appropriate and just

under the circumstances.

Dated: January 20, 2011                    Respectfully submitted,


                                           */s/ Jose L. Patiño*


                                           Jose L. Patiño
                                           jlpatino@jonesday.com
                                           Nicola A. Pisano
                                           napisano@jonesday.com
                                           JONES DAY
                                           12265 El Camino Real
                                           Suite 200
                                           San Diego, CA  92130
                                           Telephone:  858.314.1200
                                           Facsimile:  858.314.1150

                                           Daniel T. Conrad  (Texas SB No. 24026608)
                                           dtconrad@jonesday.com
                                           2727 North Harwood Street
                                           Dallas, Texas  75201-1515
                                           Telephone:  214.969.2963
                                           Facsimile:  214.969.5100

                                           *Attorneys for Defendant*
                                           KYOCERA COMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 20th day of January 2011.

/s/ Jose L. Patiño
Jose L. Patiño