**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **SMARTPHONE TECHNOLOGIES, LLC,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | Civil Action No.  **6:10-cv-580-LED** |
| | § | |
| **HTC CORPORATION,** | § | **JURY TRIAL DEMANDED** |
| **HTC B.V.I.,** | § | |
| **HTC AMERICA, INC.,** | § | **PATENT CASE** |
| **EXEDEA, INC.,** | § | |
| **NOKIA CORPORATION,** | § | |
| **NOKIA, INC.,** | § | |
| **SONY ERICSSON MOBILE** | § | |
| **COMMUNICATIONS AB,** | § | |
| **SONY ERICSSON MOBILE** | § | |
| **COMMUNICATIONS (USA), INC.,** | § | |
| **KYOCERA COMMUNICATIONS, INC,** | § | |
| **and T-MOBILE USA, INC.** | § | |
| | § | |
| **Defendants.** | § | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF**
**HTC CORPORATION, HTC B.V.I., HTC AMERICA, INC., AND EXEDEA, INC.**
**TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants HTC Corporation, HTC B.V.I., HTC America, Inc., and Exedea, Inc. (collectively, "HTC"), by and through their undersigned attorneys, hereby answer the First Amended Complaint for Patent Infringement (the "Amended Complaint") filed on February 7, 2011 by Plaintiff SmartPhone Technologies, LLC ("Plaintiff") as follows:

## THE PARTIES

1.      HTC states that Paragraph 1 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 1 of the Complaint, and on that basis HTC denies those allegations.

2.      HTC admits the allegations of Paragraph 2.

3.      HTC admits the allegations of Paragraph 3.

4.      HTC denies that HTC America, Inc. is a wholly-owned subsidiary of HTC B.V.I. HTC denies that HTC America, Inc. is a Texas corporation.  HTC admits that HTC America, Inc. has a principal place of business at 13920 SE Eastgate Way, Suite 400, Bellevue, WA 98005.  HTC America, Inc. is a wholly-owned subsidiary of HTC Corporation.  HTC admits the remaining allegations of Paragraph 4.

5.      HTC admits that Exedea, Inc. is a wholly-owned subsidiary of HTC B.V.I.  The assertion in Paragraph 5 that Defendants HTC Corporation, HTC B.V.I., HTC America, Inc., and Exedea, Inc. are collectively referred to in the Complaint as "HTC" requires no response from HTC.  HTC B.V.I. and Exedea, Inc. have no employees or facilities located in the United States. HTC B.V.I. and Exedea, Inc. do not make, use, sell, offer for sale, or import into the United States any accused devices.  HTC denies that Exedea, Inc. has a principal place of business at

5950 Corporate Drive, Houston, Texas 77036.  HTC denies the remaining allegations of
Paragraph 5.

6.      HTC denies the allegations of Paragraph 6.

7.      HTC states that Paragraph 7 does not contain any allegations directed to HTC and
therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a
response, HTC is without knowledge or information sufficient to form a belief regarding the
allegations of Paragraph 7 of the Complaint, and on that basis HTC denies those allegations.

8.      HTC states that Paragraph 8 does not contain any allegations directed to HTC and
therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a
response, HTC is without knowledge or information sufficient to form a belief regarding the
allegations of Paragraph 8 of the Complaint, and on that basis HTC denies those allegations.

9.      HTC states that Paragraph 9 does not contain any allegations directed to HTC and
therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a
response, HTC is without knowledge or information sufficient to form a belief regarding the
allegations of Paragraph 9 of the Complaint, and on that basis HTC denies those allegations.

10.     HTC states that Paragraph 10 does not contain any allegations directed to HTC
and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a
response, HTC is without knowledge or information sufficient to form a belief regarding the
allegations of Paragraph 10 of the Complaint, and on that basis HTC denies those allegations.

11.     HTC states that Paragraph 11 does not contain any allegations directed to HTC
and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a
response, HTC is without knowledge or information sufficient to form a belief regarding the
allegations of Paragraph 11 of the Complaint, and on that basis HTC denies those allegations.

12.     HTC states that Paragraph 12 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 12 of the Complaint, and on that basis HTC denies those allegations.

13.     HTC states that Paragraph 13 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 13 of the Complaint, and on that basis HTC denies those allegations.

14.     HTC states that Paragraph 14 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 14 of the Complaint, and on that basis HTC denies those allegations.

15.     HTC states that Paragraph 15 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 15 of the Complaint, and on that basis HTC denies those allegations.

16.     HTC states that Paragraph 16 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 16 of the Complaint, and on that basis HTC denies those allegations.

## JURISDICTION AND VENUE

17.     HTC admits that, because Plaintiff alleges that this action arises under the patent laws of the United States, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18.     HTC admits that Plaintiff alleges that venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  HTC denies that venue is proper as to HTC on the bases alleged in Paragraph 18.  Further, venue is not convenient in this district, and HTC reserves the right to seek a transfer of venue.  HTC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 directed to other Defendants in this case, and on that basis HTC denies those allegations.

19.     HTC admits that Plaintiff alleges that this Court has specific and general personal jurisdiction over each Defendant pursuant to due process and/or the Texas Long Arm Statute. HTC denies that it transacts substantial business in Texas and this judicial district.  HTC further denies that it has engaged in any infringing activities alleged by the Complaint.  HTC also denies that it regularly does or solicits business in Texas and in this judicial district.  HTC denies that it solicits business from Texas residents.  HTC admits that it derives revenue from sales of goods and services, which HTC customers may provide to Texas residents.  HTC denies any remaining allegations in Paragraph 19 directed to HTC.  HTC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 directed to other Defendants in this case, and on that basis HTC denies those allegations.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 7,076,275)

20.     No response is required from HTC with respect to Paragraph 20 because it does not contain allegations.

21.     HTC admits that Plaintiff alleges in Paragraph 21 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

22.     HTC admits that United States Patent No. 7,076,275 (the "'275 patent") is entitled "Method And System For Single-Step Enablement Of Telephony Functionality For A Portable Computer System."  HTC also admits that Plaintiff attaches as Exhibit A what it alleges to be a true and correct copy of the '275 patent.  HTC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis HTC denies those allegations.

23.     HTC denies the allegations in Paragraph 23.

24.     HTC denies the allegations in Paragraph 24.

25.     HTC states that Paragraph 25 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 25 of the Complaint, and on that basis HTC denies those allegations.

26.     HTC states that Paragraph 26 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 26 of the Complaint, and on that basis HTC denies those allegations.

27.     HTC states that Paragraph 27 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 27 of the Complaint, and on that basis HTC denies those allegations.

28.     HTC states that Paragraph 28 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 28 of the Complaint, and on that basis HTC denies those allegations.

29.     HTC denies the allegations in Paragraph 29.  HTC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 directed to other Defendants in this case, and on that basis HTC denies those allegations.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 6,950,645)

30.     No response is required from HTC with respect to Paragraph 30 because it does not contain allegations.

31.     HTC admits that Plaintiff alleges in Paragraph 31 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

32.     HTC admits that United States Patent No. 6,950,645 (the "'645 patent") is entitled "Power-Conserving Intuitive Device Discovery Technique In A Bluetooth Environment."  HTC also admits that Plaintiff attaches as Exhibit B what it alleges to be a true and correct copy of the '645 patent.  HTC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and on that basis HTC denies those allegations.

33.     HTC denies the allegations in Paragraph 33.

34.     HTC denies the allegations in Paragraph 34

35.     HTC states that Paragraph 35 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 35 of the Complaint, and on that basis HTC denies those allegations.

36.     HTC states that Paragraph 36 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 36 of the Complaint, and on that basis HTC denies those allegations.

37.     HTC states that Paragraph 37 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 37 of the Complaint, and on that basis HTC denies those allegations.

38.     HTC states that Paragraph 38 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 38 of the Complaint, and on that basis HTC denies those allegations.

39.     HTC denies the allegations in Paragraph 39.  HTC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 directed to other Defendants in this case, and on that basis HTC denies those allegations.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,506,064)

40.     No response is required from HTC with respect to Paragraph 40 because it does not contain allegations.

41.     HTC admits that Plaintiff alleges in Paragraph 41 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

42.     HTC admits that United States Patent No. 7,506,064 (the "'064 patent") is entitled "Handheld Computer System that Attempts To Establish An Alternative Network Link Upon Failing To Establish A Requested Network Link."  HTC also admits that Plaintiff attaches as Exhibit C what it alleges to be a true and correct copy of the '064 patent.  HTC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and on that basis HTC denies those allegations.

43.     HTC denies the allegations in Paragraph 43.

44.     HTC denies the allegations in Paragraph 44.

45.     HTC states that Paragraph 45 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 45 of the Complaint, and on that basis HTC denies those allegations.

46.     HTC states that Paragraph 46 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 46 of the Complaint, and on that basis HTC denies those allegations.

47.     HTC states that Paragraph 47 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 47 of the Complaint, and on that basis HTC denies those allegations.

48.     HTC states that Paragraph 48 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 48 of the Complaint, and on that basis HTC denies those allegations.

49.     HTC denies the allegations in Paragraph 49.  HTC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 directed to other Defendants in this case, and on that basis HTC denies those allegations.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 7,533,342)

50.     No response is required from HTC with respect to Paragraph 50 because it does not contain allegations.

51.     HTC admits that Plaintiff alleges in Paragraph 51 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

52.     HTC admits that United States Patent No. 7,533,342 (the "'342 patent") is entitled "System And Method Of A Personal Computer Device Providing Telephone Capability."  HTC also admits that Plaintiff attaches as Exhibit D what it alleges to be a true and correct copy of the '342 patent.  HTC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, and on that basis HTC denies those allegations.

53.     HTC denies the allegations in Paragraph 53.

54.     HTC denies the allegations in Paragraph 54.

55.     HTC states that Paragraph 55 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 55 of the Complaint, and on that basis HTC denies those allegations.

56.     HTC states that Paragraph 56 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 56 of the Complaint, and on that basis HTC denies those allegations.

57.     HTC states that Paragraph 57 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 57 of the Complaint, and on that basis HTC denies those allegations.

58.     HTC denies the allegations in Paragraph 58.  HTC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 directed to other Defendants in this case, and on that basis HTC denies those allegations.

## COUNT V

### (INFRINGEMENT OF U.S. PATENT NO. RE 40,459)

59.     No response is required from HTC with respect to Paragraph 66 because it does not contain allegations.

60.     HTC admits that Plaintiff alleges in Paragraph 60 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

61.     HTC admits that United States Reissue Patent No. 40,459 (the "'459 patent") is entitled "Method And Apparatus For Communicating Information Over Low bandwidth Communications Networks."  HTC also admits that Plaintiff attaches as Exhibit E what it alleges to be a true and correct copy of the '459 patent.  HTC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61, and on that basis HTC denies those allegations.

62.     HTC denies the allegations in Paragraph 62.

63.     HTC denies the allegations in Paragraph 63.

64.     HTC states that Paragraph 64 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 64 of the Complaint, and on that basis HTC denies those allegations.

65.     HTC states that Paragraph 65 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 65 of the Complaint, and on that basis HTC denies those allegations.

66.     HTC states that Paragraph 66 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 66 of the Complaint, and on that basis HTC denies those allegations.

67.     HTC states that Paragraph 67 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a

response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 67 of the Complaint, and on that basis HTC denies those allegations.

68.     HTC denies the allegations in Paragraph 68.  HTC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 directed to other Defendants in this case, and on that basis HTC denies those allegations.

## COUNT VI

### (INFRINGEMENT OF U.S. PATENT NO. 6,470,381)

69.     No response is required from HTC with respect to Paragraph 69 because it does not contain allegations.

70.     HTC admit that Plaintiff alleges in Paragraph 70 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

71.     HTC admits that United States Patent No. 6,470,381 (the "'381 patent") is entitled "Wireless Communication Device with Markup Language Based Man-Machine Interface."  HTC also admits that Plaintiff attaches as Exhibit F what it alleges to be a true and correct copy of the '381 patent.  HTC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71, and on that basis HTC denies those allegations.

72.     HTC denies the allegations in Paragraph 72.

73.     HTC denies the allegations in Paragraph 73.

74.     HTC states that Paragraph 74 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 74 of the Complaint, and on that basis HTC denies those allegations.

75.     HTC states that Paragraph 75 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 75 of the Complaint, and on that basis HTC denies those allegations.

76.     HTC states that Paragraph 76 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 76 of the Complaint, and on that basis HTC denies those allegations.

77.     HTC states that Paragraph 77 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 77 of the Complaint, and on that basis HTC denies those allegations.

78.     HTC denies the allegations in Paragraph 78.  HTC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 directed to other Defendants in this case, and on that basis HTC denies those allegations.

## COUNT VII

(INFRINGEMENT OF U.S. PATENT NO. 6,317,781)

79.     No response is required from HTC with respect to Paragraph 79 because it does not contain allegations.

80.     HTC admits that Plaintiff alleges in Paragraph 80 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

81.     HTC admits that United States Patent No. 6,317,781 (the "'781 patent") is entitled "Wireless Communication Device with Markup Language Based Man Machine Interface."  HTC

also admits that Plaintiff attaches as Exhibit G what it alleges to be a true and correct copy of the '781 patent.  HTC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81, and on that basis HTC denies those allegations.

82.    HTC denies the allegations in Paragraph 82.

83.    HTC denies the allegations in Paragraph 83.

84.    HTC states that Paragraph 84 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 84 of the Complaint, and on that basis HTC denies those allegations.

85.    HTC states that Paragraph 85 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 85 of the Complaint, and on that basis HTC denies those allegations.

86.    HTC states that Paragraph 86 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 86 of the Complaint, and on that basis HTC denies those allegations.

87.    HTC states that Paragraph 87 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 87 of the Complaint, and on that basis HTC denies those allegations.

88.     HTC denies the allegations in Paragraph 88.  HTC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 directed to other Defendants in this case, and on that basis HTC denies those allegations.

## COUNT VIII

(INFRINGEMENT OF U.S. PATENT NO. 7,693,949)

89.     No response is required from HTC with respect to Paragraph 89 because it does not contain allegations.

90.     HTC admits that Plaintiff alleges in Paragraph 90 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

91.     HTC admits that United States Patent No. 7,693,949 (the "'949 patent") is entitled "Data Exchange Between A Handheld Device And Another Computer System Using An Exchange Manager Via Synchronization."  HTC also admits that Plaintiff attaches as Exhibit H what it alleges to be a true and correct copy of the '949 patent.  HTC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91, and on that basis HTC deny those allegations.

92.     HTC denies the allegations in Paragraph 92.

93.     HTC denies the allegations in Paragraph 93.

94.     HTC states that Paragraph 94 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 94 of the Complaint, and on that basis HTC denies those allegations.

95.     HTC states that Paragraph 95 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a

response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 95 of the Complaint, and on that basis HTC denies those allegations.

96.     HTC states that Paragraph 96 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 96 of the Complaint, and on that basis HTC denies those allegations.

97.     HTC states that Paragraph 97 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 97 of the Complaint, and on that basis HTC denies those allegations.

98.     HTC denies the allegations in Paragraph 98.  HTC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 directed to other Defendants in this case, and on that basis HTC denies those allegations.

## COUNT IX

### (INFRINGEMENT OF U.S. PATENT NO. 6,7,60,728)

99.     No response is required from HTC with respect to Paragraph 99 because it does not contain allegations.

100.     HTC admits that Plaintiff alleges in Paragraph 100 that this cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

101.     HTC admits that United States Patent No. 6,760,728 (the "'728 patent") is entitled "Method and Apparatus for Importing and Exporting Directory and Calendar Information To and From Personal Information Management Applications."  HTC also admits that Plaintiff attaches as Exhibit I what it alleges to be a true and correct copy of the '728 patent.  HTC is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101, and on that basis HTC denies those allegations.

102.    HTC denies the allegations in Paragraph 102.

103.    HTC denies the allegations in Paragraph 103.

104.    HTC states that Paragraph 104 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 104 of the Complaint, and on that basis HTC denies those allegations.

105.    HTC states that Paragraph 105 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 105 of the Complaint, and on that basis HTC denies those allegations.

106.    HTC states that Paragraph 106 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 106 of the Complaint, and on that basis HTC denies those allegations.

107.    HTC states that Paragraph 107 does not contain any allegations directed to HTC and therefore requires no answer from HTC.  To the extent this Paragraph is deemed to require a response, HTC is without knowledge or information sufficient to form a belief regarding the allegations of Paragraph 107 of the Complaint, and on that basis HTC denies those allegations.

108.    HTC denies the allegations in Paragraph 108.  HTC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 directed to other Defendants in this case, and on that basis HTC denies those allegations.

## DEMAND FOR JURY TRIAL

109.    HTC demands a trial by jury of any and all issues in this action so triable.

## PRAYER FOR RELIEF

110.    To the extent Plaintiff's Prayer for Relief relates to HTC, HTC denies that Plaintiff is entitled to any damages or other relief against HTC.

## AFFIRMATIVE DEFENSES

111.    HTC asserts the following affirmative defenses without admitting or acknowledging that it bears the burden of proof as to any of them.

### FIRST AFFIRMATIVE DEFENSE

### (FAILURE TO STATE A CLAIM)

112.    The Complaint fails to state any claims against HTC upon which relief can be granted against HTC.

### SECOND AFFIRMATIVE DEFENSE

### (NON-INFRINGEMENT)

113.    HTC has not infringed, and does not infringe, any of the claims of the '275, '645, '064, '342, '459, '381, '781, '949, or '728 patents, literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

### THIRD AFFIRMATIVE DEFENSE

### (INVALIDITY)

114.    All claims of the '275, '645, '064, '342, '459, '381, '781, '949, or '728 patents are invalid for failing to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

### (PROSECUTION HISTORY ESTOPPEL)

115.    Plaintiff is estopped from construing any valid claim of the '275, '645, '064, '342, '459, '381, '781, '949, or '728 patents to cover or include, either literally or by application of the doctrine of equivalents, any product made, used, imported, sold or offered for sale by HTC because of admissions and/or statements made to the United States Patent and Trademark Office in the specification of and during prosecution of the application leading to the issuance of the '275, '645, '064, '342, '459, '381, '781, '949, or '728 patents.

## FIFTH AFFIRMATIVE DEFENSE

### (IMPLIED LICENSE)

116.    The relief sought by Plaintiff is barred in whole or in part by the doctrine of implied license.

## SIXTH AFFIRMATIVE DEFENSE

### (ACQUIESCENCE)

117.    The relief sought by Plaintiff is barred in whole or in part by the doctrine of acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

118.    The relief sought by Plaintiff is barred in whole or in part by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (LACHES)

119.    Plaintiff is barred by the doctrine of laches from seeking any relief in this action,

and, at a minimum, Plaintiff is barred from seeking any damages for any conduct prior to the

filing of this action.

## NINTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 286)

120.    Plaintiff's claims for relief and prayer for damages are limited by 35 U.S.C.

§ 286.

## TENTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 287)

121.    Plaintiff's claims for relief and prayer for damages are limited in whole or in part

under 35 U.S.C. § 287.

## ELEVENTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 288)

122.    On information and belief, Plaintiff is precluded from seeking recovery of its

costs under the provisions of 35 U.S.C. § 288.

## TWELFTH AFFIRMATIVE DEFENSE

### (FAILURE TO JOIN A PARTY UNDER RULE 19)

123.    On information and belief, Plaintiff has failed to join a necessary party under Rule

19 of the Federal Rules of Civil Procedure.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (LACK OF STANDING)

124.    Plaintiff lacks standing to assert infringement of the '275, '645, '064, '342, '459, '381, '781, '949, and '728 patents.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (MISJOINDER)

125.    On information and belief, the parties and claims in this action are improperly joined in one action under Rule 20 of the Federal Rules of Civil Procedure.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (INTERVENING RIGHTS)

126.    The relief sought by Plaintiff is barred in whole or in part by the doctrines of absolute and/or equitable intervening rights.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (MISCELLANEOUS)

127.    HTC reserve the right to assert any other defenses discovery may reveal.

### <u>COUNTERCLAIMS</u>

For its Counterclaims against Plaintiff, HTC alleges as follows and hereby demands a jury trial on all issues so triable:

### FIRST COUNTERCLAIM

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

1.    HTC incorporates and realleges Paragraphs 1through 127 of its Answer and each of its Affirmative Defenses.

2.      By its Complaint, Plaintiff asserts that HTC has infringed United States Patent Nos. 7,076,275 (the "'275 patent"), 6,950,645 (the "'645 patent"), 7,506,064 (the "'064 patent"), 7,533,342 (the "'342 patent"), 6,470,381 (the "'381 patent"), 6,317,781 (the "'781 patent"), 7,693,949 (the "'949 patent"), 6,760,728 (the "'728 patent") and United States Reissue Patent No. 40,459 (the "'459 patent") (collectively, the "Patents-in-Suit").

3.      HTC has denied Plaintiff's claim of infringement of the Patents-in-Suit, and contends that it does not infringe the Patents-in-Suit, or any valid or enforceable asserted claim thereof.

4.      An actual and justiciable controversy has thus arisen between Plaintiff and HTC concerning the alleged infringement of the Patents-in-Suit.

5.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., HTC is entitled to judgment from this Court finding that the Patents-in-Suit are not infringed, directly or indirectly, by HTC.

6.      Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## SECOND COUNTERCLAIM

### (DECLARATORY JUDGMENT OF INVALIDITY)

7.      HTC incorporates and realleges Paragraphs 1 through 127 of its Answer and each of its Affirmative Defenses, and Paragraphs 1 through 6 of its Counterclaims.

8.      By their Amended Complaint, Plaintiff asserts that the Patents-in-Suit are valid. HTC has denied this allegation and contends that the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

9.      An actual and justiciable controversy has thus arisen between Plaintiff and HTC concerning the validity of the Patents-in-Suit.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., HTC is entitled to judgment from this Court finding that the Patents-in-Suit are invalid pursuant to 35 U.S.C. §§ 102, 103 and/or 112.

11.     Because this Counterclaim arises under the Patent Laws, Title 35 of the United States Code, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

## DEMAND FOR JURY TRIAL

12.     HTC demands a trial by jury of any and all issues in this action so triable.

## PRAYER FOR RELIEF

Wherefore, HTC requests that the Court enter judgment for HTC, and award it the following relief:

A.      Dismiss Plaintiff's Complaint with prejudice and find that Plaintiff takes nothing by its claims against HTC;

B.      Enter judgment in favor of HTC, and against Plaintiff, on the Complaint;

C.      Declare that HTC has not infringed the Patents-in-Suit or any valid asserted claim therein;

D.      Declare that the claims of the Patents-in-Suit are invalid;

E.      Enjoin Plaintiff, its assigns, and all those in privity therewith from asserting the Patents-in-Suit against HTC or any of its customers or suppliers; and

F.      Grant HTC such other and further relief as the Court deems appropriate and just under the circumstances.

Dated: February 24, 2011

Respectfully submitted,

/s/Yar R. Chaikovsky
_____
Yar R. Chaikovsky
Michael F. Martin
McDermott Will & Emery LLP
275 Middlefield Road, Suite 100
Menlo Park, CA  94025-4004
mfmartin@mwe.com
ychaikovsky@mwe.com

David Beckwith
McDermott Will & Emery LLP
11682 El Camino Real, Suite 400
San Diego, CA  92130
dbeckwith@mwe.com

J. Thad Heartfield
Texas Bar No. 09346800
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, TX 77706
thad@jth-law.com

**ATTORNEYS FOR DEFENDANTS
HTC Corporation,
HTC B.V.I.,
HTC America, Inc., and
Exedea, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 24th day of February, 2011. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/Yar R. Chaikovsky
_____
Yar R. Chaikovsky