# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| SMARTPHONE TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:10-cv-580 |
| HTC CORPORATION, HTC B.V.I., HTC AMERICA, INC., EXEDEA, INC., NOKIA CORPORATION, NOKIA, INC., SONY ERICSSON MOBILE COMMUNICATIONS AB, SONY ERICSSON MOBILE COMMUNICATIONS (USA), INC., KYOCERA COMMUNICATIONS, INC., and T-MOBILE USA, INC., | § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

## PLAINTIFF´S REPLY TO THE COUNTERCLAIMS OF DEFENDANTS
## HTC CORPORATION, HTC B.V.I., HTC AMERICA, INC., AND EXCEDA, INC.

Plaintiff SmartPhone Technologies, LLC ("Plaintiff") files this Reply to the Counterclaims of Defendants HTC Corporation, HTC B.V.I., HTC America, Inc., and Exedea, Inc. (collectively "HTC") as follows.  All allegations not expressly admitted or responded to by Plaintiff are denied.

### FIRST COUNTERCLAIM

1. Plaintiff admits that HTC purports to incorporate and re-allege paragraphs 1-127 of its Answer and each of its Affirmative Defenses, but denies the substance of such allegations.

2. Plaintiff admits the allegations of Counterclaim paragraph 2.

3. Plaintiff admits that HTC has denied infringement of the Patents-in-Suit, but denies the substance of such allegations.

4. Plaintiff admits the allegations of Counterclaim paragraph 4.

5. Plaintiff denies the allegations of Counterclaim paragraph 5.

6. Plaintiff admits the allegations of Counterclaim paragraph 6.

## SECOND COUNTERCLAIM

7. Plaintiff admits that HTC purports to incorporate and re-allege paragraphs 1-127 of its Answer and each of its Affirmative Defenses, but denies the substance of such allegations. Plaintiff admits that HTC purports to incorporate and re-allege paragraphs 1-6 of its Counterclaims. Plaintiff incorporates and re-alleges paragraphs 1-6 of this Reply.

8. Plaintiff admits the allegations of the first sentence of Counterclaim paragraph 8. With respect to the second sentence of paragraph 8, Plaintiff admits that HTC purports to contend that the Patents-in-Suit are invalid, but denies the substance of such allegations.

9. Plaintiff denies the allegations of Counterclaim paragraph 9.

10. Plaintiff denies the allegations of Counterclaim paragraph 10.

11. Plaintiff admits the allegations of Counterclaim paragraph 11.

## DEMAND FOR JURY TRIAL

12. Plaintiff admits that HTC demands a trial by jury of any and all issues in this action so triable and has likewise requested a trial by jury on all issues.

## PRAYER FOR RELIEF

Although no answer is required to HTC's request for relief, Plaintiff denies all allegations in sub-paragraphs (A) through (F) and further denies that HTC is entitled to any relief whatsoever.

## PLAINTIFF´S PRAYER

Plaintiff prays for the following relief:

A. All relief sought in Plaintiff's First Amended Complaint;

B. Dismissal of HTC's Counterclaims and judgment that that HTC take nothing;

C. Judgment declaring that HTC infringes one or more claims of U.S. Patent No. 7,076,275 ("the ´275 patent"), U.S. Patent No. 6,950,645 ("the ´645 patent"), U.S. Patent No. 7,506,064 ("the ´064 patent"), U.S. Patent No. 7,533,342 ("the ´342 patent"), U.S. Reissue Patent

No. 40,459 ("the ´459 patent"), U.S. Patent No. 6,317,781 ("the ´781 patent"), U.S. Patent No. 6,470,381 ("the ´381 patent"), U.S. Patent No. 7,693,949 ("the ´949 patent"), and/or U.S. Pat. No. 6,760,728 ("the ´728 patent");

     D.     Judgment declaring that the ´275, ´645, ´064, ´342, ´459, ´781, ´381, ´949, and ´728 patents are valid and enforceable;

     E.     Judgment that HTC account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of HTC's infringing activities;

     F.     Judgment declaring that HTC account for and pay to Plaintiff a reasonable, on-going, post-judgment royalty because of HTC's infringing activities;

     G.     An award of Plaintiff's fees and costs in defending against HTC's Counterclaims, together with pre-judgment and post-judgment interest in the maximum amount provided by law; and

     H.     Any and all further relief for Plaintiff as the Court may deem just and proper.

**Dated:  March 7, 2011**                         Respectfully submitted,

/s/ Edward R. Nelson, III
Edward R. Nelson, III
enelson@nbclaw.net
Texas State Bar No. 00797142
Christie B. Lindsey
clindsey@nbclaw.net
Texas State Bar No. 24041918
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

Anthony G. Simon
asimon@simonlawpc.com
Timothy E. Grochocinski
teg@simonlawpc.com

THE SIMON LAW FIRM, P.C.
800 Market Ste 1700
St. Louis MO 63101
Phone: (314) 241-2929
Fax:  (314) 241-2029

S. Brannon Latimer
Texas State Bar No. 24060137
LATIMER INTELLECTUAL PROPERTY, PC
P.O. Box 471430
Fort Worth, TX 76147
(469) 619-7291
(972) 767-3320 (fax)
brannon.latimer@latimeriplaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com

**Attorneys for Plaintiff
SmartPhone Technologies, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Edward R. Nelson, III
Edward R. Nelson, III