**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SMARTPHONE TECHNOLOGIES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:10-cv-580 |
| | § | |
| HTC CORPORATION, et al., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |

**DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action, and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures.** On or before **Friday, July 22, 2011**, and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A. the correct names of the parties to the lawsuit;

    B the names, addresses, and telephone numbers of any potential parties;

    C. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    D. the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

    E. any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    F. any settlement agreements relevant to the subject matter of this action; and

    G. any statement of any party to the litigation.

2. **Additional Disclosures.** Each party shall provide to every other party the following information:

   A. the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

   B. to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules, on or before **Friday, September 16, 2011**, and without awaiting a discovery request, a significant production of documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action shall be produced or made available for inspection. The production of materials may be on a rolling basis, and shall be substantially completed by **December 2, 2011**. By written agreement of all parties, documents and electronically stored information shall be produced electronically (e.g., on compact discs) in an imaged format (e.g., TIFF), with load files. With respect to Plaintiff, Defendants agree to produce single page TIFFs, multi-page/document level TEXT files, with Concordance .DAT and IPRO .LFP load files. With respect to Defendants, Plaintiff agrees to produce single page TIFFs, document-level TEXT files, with Concordance .DAT and IPRO .LFP load files. The TEXT files for any electronic documents should be created by extracting the text from the native file. To the extent any paper documents or images are OCRed, the OCR text file should be provided. Notwithstanding the foregoing, if by their nature, certain documents are best viewable in their native formats (e.g., financial documentation), a party will accommodate reasonable requests by the requesting party's to produce such documents in their respective native format, so long as the burden is not cumulative or overly burdensome. In addition, where computer source code is made part of a Party's production or a third party's production of documents and things, one or more of the producing Parties or third parties may require the use of a secure facility wherein electronic copies of such source code may be searched and traced in a non-networked, protected environment, subject to the terms of an appropriate Protective Order entered by the Court.

   C. On or before **December 2, 2011**, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

      **Defendants' proposed additional disclosure language**: "The damages computation shall be detailed, and shall include a disclosure of the basis for the computation, the royalty rate and royalty base used, and the Georgia Pacific factors relied upon in support of the computation."

**Defendants' statement in support of the additional disclosure language:**
Defendants' request for detailed disclosure of plaintiff's damages theories, and the basis thereof, is necessary to promote the open disclosure rules that this District has promulgated and vigorously enforced. As Judge Davis' recent opinion in *Clear With Computers v. Hyundai Motor America, Inc.*, 6:09cv479, indicates, this District is well known for its liberal discovery policies and its high expectations that the parties and their counsel be forthcoming in their discovery obligations. The damages computation requirement of the DCO is designed, in part, to prevent litigants from laying behind a log with their damages theories. A damages disclosure with no detail (such as a simple statement that plaintiff intends to seek a reasonable royalty) is effectively no disclosure at all.

The date proposed by Defendants in the DCO for the plaintiff's detailed damages disclosure is after the production of damages-related materials to the Plaintiff. Requiring a detailed disclosure of damages methodology in the DCO, on the date requested by Defendants, will foster the liberal discovery policy, promote early settlement opportunities, help identify legally flawed damage theories, and prevent shifting of damages theories at the later stages of the litigation.

**Plaintiff's statement in opposition to the additional disclosure language:**
The Court's proposed Discovery Order contemplates a damages disclosure containing "a complete computation of any category of damages claimed by any party to the action" within 45 days of the initial Scheduling Conference. Applying the Court's recommendation, Plaintiff's damages disclosure would be due on **August 5, 2011**.

A damages disclosure at that early juncture means that Plaintiff does not typically have the benefit of any damages-related documents or other damages discovery from Defendants. For this reason, Plaintiff agreed to move the damages disclosure date back to **December 2, 2011** (the same date that Defendants have agreed will be the deadline for "substantial completion" of their document production). Making the damages disclosure date commensurate with the substantial completion of Defendants' document production means that Plaintiff should have more complete access to documents and materials that serve as the basis for its damages computations and, by extension, be better positioned to provide the computation of damages (and attendant document production/identification) that the Court requires.

The additional language proposed by Defendants, however, is unnecessary and excessive inasmuch as it purports to require Plaintiff to provide what is, essentially, its complete expert damages disclosure at a premature juncture. The parties have agreed to provide complete expert disclosures after the May 31, 2012 *Markman* hearing.

3. **Testifying Experts.**  The parties agree that Plaintiff shall be entitled to four testifying expert witnesses, and Defendants shall be entitled to three common testifying expert witnesses and three additional testifying expert witnesses per Defendant Group.  A Defendant Group is defined for the purpose of this Order as those parties who are related corporate entities.  By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

   A. The expert's name, address, and telephone number;

   B. The subject matter on which the expert will testify;

   C. A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);

   D. If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions; and

   E. If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party:

      (1) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

      (2) the expert's current resume and bibliography.

4. **Discovery Limitations.**  The parties agree to the following limits on discovery in this case.

   A. <u>Interrogatories</u>:  Plaintiff shall be allowed twenty (20) common interrogatories to serve on all Defendants and up to twenty (20) additional individual interrogatories to serve as it chooses on individual Defendants.  The Defendants shall be allowed twenty (20) collective interrogatories and twenty (20) additional individual interrogatories per Defendant Group.

   B. <u>Requests for Admission</u>:  The following limits will apply to requests for admission served in this case:

   Except as indicated below, Plaintiff may serve up to twenty (20) requests for admission collectively on the Defendants, and up to forty (40) additional individual requests for admission on each Defendant Group.  The Defendants shall be allowed twenty (20) collective requests for admission and forty (40) additional individual requests for admission per Defendant Group.

   The parties are allowed an unlimited number of requests for admission regarding the admissibility of documents.  Prior to serving any request for admission

regarding the admissibility of documents, each party agrees to request that the opposing party stipulate to the admissibility of such documents. If the opposing party fails to stipulate to the admissibility of all such documents within two weeks of such request for stipulation, the requesting party may service on the opposing party requests for admission on all documents whose admissibility has not been stipulated.

5. **Depositions**.

   A. <u>Fact Depositions Under Fed. R. Civ. P. 30(b)(6) and Fed. R. Civ. P. 30(a)(1)</u>: The Plaintiff may take a maximum of one hundred (100) hours of total deposition testimony. The Defendants, collectively, may take a maximum of one-hundred fifty (150) hours of total deposition testimony, such time to be split according to agreement by the Defendants. Additionally, the Defendants jointly may take up to seven (7) common hours of deposition testimony of each inventor named in a patent-in-suit. The parties agree that Defendants' depositions of inventors shall not count toward the above limitations. Plaintiff shall take no more than thirty-five (35) total hours of deposition of no more than ten (10) witnesses of any Defendant Group. Of the thirty-five hours of total deposition per Defendant Group, no more than 20 hours shall be by way of Rule 30(b)(6) deposition.

   B. <u>Depositions of Experts</u>: The parties agree that depositions of experts shall not count towards the above limitations on depositions.

      i. Infringement or Non-Infringement Experts: Plaintiff may depose each non-infringement expert for the greater of seven (7) hours or three (3) hours times the number of asserted patents addressed by the expert. Each Defendant Group may depose each infringement expert testifying against it for the greater of seven (7) hours or three (3) hours times the number of asserted patents addressed by the expert.

      ii. Validity or Invalidity Experts: Plaintiff may depose each invalidity expert for the greater of seven (7) hours or two (2) hours times the number of asserted patents addressed by the expert. Defendant Groups may collectively depose each validity expert for the greater of seven (7) hours or three (3) hours times the number of asserted patents addressed by the expert.

      iii. Damages Experts: Plaintiff may depose each damages expert for no more than seven (7) hours. Each Defendant Group may depose each damages expert testifying against it for no more than seven (7) hours.

      iv. Other Experts: The parties agree to confer in good faith on a reasonable number of hours of other expert depositions and shall submit the parties' competing proposals to the Court in the event that they are unable to reach agreement.

       C.    <u>Depositions on Written Questions</u>: The parties agree that there are no limits on the number of depositions upon written questions taken pursuant to Fed. R. Civ. P. 31 for the sole purpose of establishing the authenticity of documents of third parties.

6. **Expert Discovery**. A testifying expert's draft reports, notes, outlines, and any other writings leading up to his or her final report(s) in this case are exempt from discovery. In addition, all communications with and all materials generated by a testifying expert with respect to his work on this case are exempt from discovery unless relied upon by the expert in forming his or her opinions. The expert must produce his or her final report and all materials on which he or she relied.

7. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order. Except as necessary to comply with P.R. 3-7, the parties are not required to include on their privilege logs any protected documents that came into existence on or after the date of the filing of the Complaint.

    Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party. Upon request by the producing party, the receiving party shall immediately return all copies of such inadvertently produced document(s). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

8. **Pre-trial Disclosures.** By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

      A.    The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

      B.    The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

      C.    An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

9. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

1

10. **Exchange of Disclosures.** If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

11. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

12. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

13. **Requests for Production.** Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

14. **Discovery Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

15. **Discovery Conferences.** Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

16. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

17. **Protective Orders.** The parties shall meet and confer regarding a proposed protective order and shall file a joint proposal or competing proposals by **Friday, July 22, 2011**. The Court authorizes the parties to file any document that is subject to a protective order under seal.

18. **Courtesy Paper Copies.** In this case, the parties are exempt from complying with Local Rule CV-5, which requires that paper copies by provided to the presiding judge's chambers if a document exceeds five pages in length. Paper copies will not be accepted by this Court unless specifically requested.

19. **Hearing Notebooks.** With the exception of providing notebooks to the appointed technical advisor, hearing notebooks are no longer required or requested. However, the Court may request hearing notebooks in specific instances.