**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SMARTPHONE TECHNOLOGIES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:10-cv-580 |
| | § | |
| HTC CORPORATION, et al., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

<u>**AGREED PROTECTIVE ORDER**</u>

The parties hereby stipulate that the following Protective Order ("Order") regarding confidential information may be entered by the Court:

**1.     INTRODUCTION AND SCOPE**

This Order shall govern all documents and things (whether or not embodied in any physical medium) exchanged during this action, including but not limited to documents produced by the parties or third-parties, testimony taken at a hearing or other proceeding, and discovery, including but not limited to deposition testimony, interrogatory answers, and responses to requests for admission.  In the event a party wishes to use any Protected Information in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this action, such Protected Information used therein shall be filed electronically under seal with the Court pursuant to Local Rule CV-5(a)(7).  If electronic submission is impossible, the parties shall file any such Protected Information in sealed containers labeled with the case caption, the appropriate confidentiality designation, and a statement that the container contains confidential information filed under seal pursuant to a Protective Order and should not be disclosed except by Order of the Court or agreement of the parties.  Production or disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIALATTORNEYS' EYES ONLY - COMPUTER SOURCE CODE," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - PROSECUTION BAR" information under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.

## 2.   DISCOVERY RULES REMAIN UNCHANGED

Nothing herein shall alter or change in any way the discovery provisions set forth by the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules for the Eastern District of Texas, or this Court. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure and the Court's Deadlines set out in the applicable Scheduling Order.  Nothing in this Order shall be construed to require a party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court.

## 3.   DEFINITIONS

### 3.1.   Court Staff

Court Staff is defined in this Order as the Court and its personnel, court reporters, independent shorthand reporters, and their staffs, and videographers, interpreters, or translators engaged for depositions or proceedings necessary to this case.

### 3.2.   Discovery Material

The term "Discovery Material" shall refer to all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

### 3.3.   Inside Counsel

The term "Inside Counsel" shall mean attorneys who are employed by a named party to this action, including support personnel, paralegals, legal secretaries, and legal clerks involved with maintaining, defending or evaluating this case.

### 3.4.   Outside Consultant

The term "Outside Consultant" shall mean any outside person (and their support personnel) who is not an employee of a party or any Related Entity, and who is identified as an expert whose opinions may be presented at trial of this case, or who is retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, including but not limited to, a proposed expert witness with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.  This term is to be construed within the meaning of Federal Rule 26(b)(4)(a)-(b).

### 3.5.   Outside Counsel

The term "Outside Counsel" shall mean attorneys who are not employees of any named party to this action or any Related Entity, but who are retained to represent or advise a named party to this action or any Related Entity, including support personnel; contract attorneys; paralegals; consultants; legal secretaries; legal clerks; technical advisors; employees of outside vendors providing copy services, document, graphics, and exhibit preparation services; and jury consultant and research services.

### 3.6.   Producing Party

The term "Producing Party" shall mean a party or third-party that produces Discovery Material, including Protected Information, in this action.

### 3.7.    Protected Information

The term "Protected Information" shall mean any Discovery Material that the Producing Party in good faith designates as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY — PROSECUTION BAR."  Protected Information also includes any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Information.

3.7.1. **Confidential Information** - A Producing Party, including any party to this action and any third-party producing information or material voluntarily or pursuant to a subpoena or a court order, may designate Discovery Material as "CONFIDENTIAL" where such Discovery Material relates to non-public, sensitive or confidential information, or constitutes or contains trade secrets or other confidential research, development, commercial, or other financial information, whether embodied in physical objects, documents, or the factual knowledge of persons.

3.7.2. **Highly Confidential — Attorneys' Eyes Only Information** - A Producing Party, including any party to this action and any third-party producing information or material voluntarily or pursuant to a subpoena or a court order, may alternatively designate Discovery Material as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" where such Discovery Material contains particularly sensitive information that the Producing Party believes in good faith cannot be disclosed to another Party or third-party without risk of competitive injury because

4

such Discovery Material contains trade secret or other proprietary or commercially sensitive information.

3.7.3. **Highly Confidential ─ Attorneys' Eyes Only Computer Source Code Information** - A Producing Party, including any party to this action and any third-party producing information or material voluntarily or pursuant to a subpoena or a court order, may alternatively designate Discovery Material "HIGHLY CONFIDENTIAL ─ ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" where such Discovery Material contains computer object code or other executable code or source code or similar programming statements or instructions that in general are converted into machine language by compilers, assemblers, or interpreters.

3.7.4. **Highly Confidential ─ Attorneys' Eyes Only Prosecution Bar** - Defendants may alternatively designate Discovery Material "HIGHLY CONFIDENTIAL ─ ATTORNEYS' EYES ONLY PROSECUTION BAR" where such Discovery Material contains information that Defendants believe in good faith is of the type that can be included in a patent application and form the basis or part of the basis for a claim or claims thereof, which Defendants believe in good faith to constitute confidential or trade secret information, the disclosure of which to a person engaged in patent prosecution in the technical areas to which the information relates would create a substantial risk of injury to the disclosing party.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or advising as to the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited

to, a reissue protest, patent oppositions, *ex parte* reexamination or *inter partes* reexamination).

3.7.5.  **Non-Confidential Information** - The following is not "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY INFORMATION," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY PROSECUTION BAR" Discovery Material:

a.  any information which, at the time of disclosure to a Receiving Party, is lawfully public knowledge;

b.  any information which, after disclosure to a Receiving Party, lawfully becomes public knowledge as a result of publication not involving a violation of this Order;

c.  any information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality; and

d.  any information that a Receiving Party can show was independently developed by it or its personnel who have not had access to the Producing Party's Protected Information.

### 3.8. Receiving Party

The term "Receiving Party" shall mean a party that receives Discovery Material from a Producing Party.

### 3.9. Related Entity

The term "Related Entity" shall mean any parent, subsidiary or other legal business entity owned or controlled by a common parent.

## 4.    SCOPE OF DISCOVERY

Discovery in this matter is limited in scope as set forth in this Order and in no event shall exceed the scope set forth under the Federal Rules of Civil Procedure, the Local Rules, or other Order of this Court.

### 4.1.    Metadata

Metadata associated with responsive electronically-stored information (i.e., information about a document that does not appear on the face of the document if emailed or printed) will be preserved to the extent reasonably possible without undue expense and subject to any preexisting technological limitations, but such metadata will not be searched or produced unless good cause can be shown and such good cause outweighs the Producing Party's claim of undue burden or cost.  The parties will meet and confer as to good cause on this issue.  Without limiting further instances of good cause, the good cause to search and produce metadata exists when such metadata is reasonably likely to reveal the date, author, or recipient of specific key documents that the Receiving Party identifies as material to a fact or issue in dispute, and such information is not reasonably available through other forms of discovery.  If the parties cannot reach an agreement, the party seeking production may raise this issue with the Court; however, production of such metadata shall not be required absent a Court Order obtained for good cause shown.  The Receiving Party will bear the burden of establishing that its request is in good faith and that good cause exists for disclosure of the Protected Information sought.

### 4.2.    Financial Information

To the extent financial information is sought, only summary financial information of the type used in the ordinary course of a Producing Party's business or specifically created to address the relevant financial inquiries will be produced unless good cause can be shown that production of underlying documentation or information is necessary and such good cause outweighs the

Producing Party's claim of undue burden or cost.  The parties will meet and confer as to good cause on this issue.  If the parties cannot reach an agreement, the party seeking production may raise this issue with the Court; however, production of such documents shall not be required absent a Court Order obtained for good cause shown.  The Receiving Party will bear the burden of establishing that its request is in good faith and good cause exists for disclosure of the Protected Information sought.

### 4.3.    Back-Up Materials

Materials retained primarily for back-up or disaster recovery purposes, whether in tape, floppy disk, optical disk, or similar formats, are considered not reasonably accessible under Federal Rule 26(b)(2)(B) and, accordingly, are not subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval.  Furthermore, archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are created for disaster recovery purposes and not used as reference materials in the ordinary course of a Producing Party's business operations need not be searched or produced absent good cause, but also subject to the Producing Party's claim or undue burden or cost.  The parties will meet and confer as to good cause on this issue.  If the parties cannot reach an agreement, the party seeking production may raise this issue with the Court; however, production of such documents shall not be required absent a Court Order obtained for good cause shown.  The Receiving Party will bear the burden of establishing that its request is in good faith and good cause exists for disclosure of the backup materials sought.

### 5.    TIME AND MANNER OF DESIGNATION

A Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards so that material, documents, items, or oral or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

### 5.1.    Time of Designation

Designation of Discovery Material shall be made at the following times:

5.1.1.   For documents and things, prior to or at the time of the production of the document or thing;

5.1.2.   For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first;

5.1.3.   For any form of testimony, either (a) at the time that such testimony is given, or (b) within thirty (30) calendar days after the receipt of an official (i.e., not rough draft) transcript of such testimony by the Producing Party.   Until the expiration of thirty (30) calendar days after receipt of the transcript of such testimony by the Producing Party, all testimony will be treated as "HIGHLY CONFIDENTIAL ─ ATTORNEYS' EYES ONLY."   In the event that expedited disclosure may be required by a party due to an impending deadline regarding preparation of any filing or submission that requires consideration of the Protected Information in question, the concerned party shall negotiate in good faith for a shortened expiration period, and, if agreement regarding a shortened expiration period cannot be reached, then the concerned party agrees to submit the matter to the Court for its determination of the appropriate expiration period.   Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

5.1.4.   A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL ─ ATTORNEYS'

EYES ONLY."   After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend clearly upon each page that contains Protected Information.

**5.2.    Manner of Designation**

Designation of Discovery Material shall be made by placing the notation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY PROSECUTION BAR" on the Discovery Material in the following manner:

5.2.1.   For documents, on each page of such document;

5.2.2.   For tangible items, on the object or container thereof; or, if not practicable, as otherwise agreed by the parties;

5.2.3.   For declarations, written discovery responses, court filing or pleadings, on the face of such document;

5.2.4.   For testimony, Outside Counsel for either party may designate on the record.   Each page of the designated testimony and any exhibit on which a witness gives testimony designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY PROSECUTION BAR" shall be treated in accordance with the terms of this Order;

5.2.5. Computer source code may be so designated by affixing the legend "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" on the media itself;

5.2.6. All "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY PROSECUTION BAR" information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in Sections 4.2.1 - 4.2.5, shall be designated by informing the Receiving Party of the designation in writing; and

5.2.7. To the extent the Receiving Party subsequently generates copies of this information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations.   When documents are produced in electronic form, the Producing Party shall include the confidentiality designation on the medium containing the documents.  In the event that the Receiving Party prints documents from such medium, the Receiving Party shall mark each such page of the documents with the appropriate designation.

**5.3.    Third-Party Discovery**

5.3.1.  The parties recognize that, during the course of this case, third-parties may be called upon to produce "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY PROSECUTION BAR" Discovery Materials.  In such a case, the third-party that must produce such Discovery Material is considered to be

11

a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Information.

5.3.2.   Information originating with a third-party and in a Producing Party's custody or control that a Producing Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY PROSECUTION BAR" and the Protected Information shall be subject to the restrictions on disclosure specified in this Order.   The foregoing notwithstanding, if a Producing Party has a good faith belief that production of the requested Discovery Material is objectionable on the grounds that the requested Discovery Material is subject to a third-party confidentiality obligation, the Producing Party shall confer with that third-party to resolve the confidentiality issue.   If this confidentiality issue cannot be resolved then the Producing Party shall immediately notify the requesting party and to the extent consistent with its confidentiality obligation (1) identify the third-party; (2) identify the bases for the confidentiality obligation; and (3) provide a brief description of the types of documents and things being withheld.   All parties shall attempt to resolve all disputes promptly, informally, and in good faith.   If the parties are unable to resolve the matter, the prospective Receiving Party may seek judicial relief.   No disclosure is required until the objection is resolved.

5.3.3.   A third-party's production of Protected Information under this Order does not entitle that third-party to access to any other Protected Information or Discovery Materials produced by any party or other third-party in this case.

### 5.4.   Changing the Designation of Discovery Material

In the event any party desires to change the designation of Discovery Material that is produced from no designation to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE," or from one such designation to another, such party may do so by notice in writing specifically identifying the Discovery Material and furnishing a copy of such Discovery Material with the new designation.  In such event, the Receiving Party shall thereafter treat such information with the new designation pursuant to this Order, as well as undertake a good faith effort to correct any treatment of the information inconsistent with the new designation.

### 5.5.   Resolution of Disputes Regarding Designation

The parties will use reasonable care in designating information as Protected Information under this Order.  In the event that a Receiving Party disagrees with any designation (or changed designation) by the Producing Party, the Receiving Party shall serve a written challenge on the Producing Party, identifying with particularity the Discovery Material and the bases for why the Discovery Material should be designated differently.  A Receiving Party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, served on counsel for the Producing Party, and particularly identify the documents or information that the Receiving Party contends should be differently designated.  The Receiving Party and Producing Party shall use their best efforts to resolve promptly and informally such disputes.  If the parties are unable to resolve such a dispute informally, the Receiving Party may apply to the Court for relief.  The Receiving

Party will bear the burden of establishing that the challenged designation is inappropriate.  Any such disputed Discovery Material shall be treated as designated by the Producing Party and subject to the protections of this Order unless and until the Court determines otherwise.

### 5.6.    No Presumption of Protected Status

This Order does not address discovery objections nor preclude either party from moving for any relief cognizable under the Federal Rules of Civil Procedure, the Local Rules, or this Court's inherent power. Failure of any party to challenge any designation under this Order shall not constitute an admission that any Discovery Material designated as Protected Information is, in fact, Protected Information.

### 6.    USE OR DISCLOSURE OF PROTECTED INFORMATION

### 6.1.    Use of Discovery Materials

Counsel of the Plaintiff are precluded from using Protected Information for participating, counseling, advising, or similar conduct, in re-examination or reissue proceedings involving the patents-in-suit.  In no event shall an, employee, officer or director of any party to this action have access to Protected Information marked "HIGHLY CONFIDENTIAL ─ ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL ─ ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE," "HIGHLY CONFIDENTIAL ─ ATTORNEYS' EYES ONLY PROSECUTION BAR", or relating to patent licensing matters, related merger and acquisition activities, or source code without a court order or the written consent of the Producing Party.  Notwithstanding the foregoing, Inside Counsel who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting outside counsel in preparation for proceedings in this case may be allowed access to any license agreement or settlement agreement regarding the asserted patents in this litigation solely for the purpose of facilitating settlement negotiations in this action, and only if all parties to the license or settlement agree in writing to such access.

## 6.2.    Duty to Return or Destroy Discovery Material

Within sixty (60) calendar days after conclusion of the above-captioned case (including all appeals and further proceedings resulting therefrom), all Discovery Material containing Protected Information, including all notes of counsel, Outside Consultants, or others that incorporate in whole or in part information from Protected Information, shall be either returned to the Producing Party or shall be destroyed.  Counsel for any party or third-party receiving Protected Information shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to counsel for the Producing Party within ninety (90) calendar days after the conclusion of the above-captioned case.

In the event that a party is dismissed by agreement from the case prior to conclusion of this matter in its entirety, all Discovery Material containing Protected Information (other than pleadings, discovery responses and exhibits contained in the official court record, and attorney work product documents) produced by the dismissed party shall be returned to the dismissed party or shall be destroyed within sixty (60) calendar days from entry of the dismissal order.  Counsel for any party or third-party that received Protected Information from a dismissed party shall make written certification of compliance with this provision and shall deliver the same to counsel for the dismissed party within ninety (90) calendar days after the entry of the dismissal order.

6.2.1.  Notwithstanding the foregoing, and subject to the restrictions in Section 6.3, Outside Counsel of record and Inside Counsel shall be entitled at the termination of this case, including all appeals, to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, exhibits offered or introduced into evidence at trial, and any work-product containing Protected Information, provided

however that any Protected Information contained in any such documents retained by Outside Counsel of record or Inside Counsel shall remain subject to the protections of this Order.  Notwithstanding this provision, Outside Counsel and Inside Counsel are not required to delete information that may reside on their respective back-up systems; however, the counsel for the parties agree that no Protected Information shall be retrieved from the electronic back-up systems after conclusion of this litigation.

6.2.2.   Documents and things exchanged during this litigation shall only be used in this case, and their use shall be governed by this Order.  A Receiving Party may use Protected Information that is disclosed or produced by another party or by a third-party in connection with this case only for litigating, defending, or attempting to settle this litigation.  Such Protected Information may be disclosed only to the categories of persons and under the conditions described in this Order.  Outside Counsel of any defendant in this case may also use Protected Information for counseling, advising, or similar conduct relating to re-examination proceedings involving the patents-in-suit.  Counsel of the plaintiff, however, are precluded from using Protected Information for participating, counseling, advising, or similar conduct, in re-examination or reissue proceedings involving the patents-in-suit.

**6.3.    Disclosure of Discovery Materials**

No Receiving Party or other person receiving any Protected Information in accordance with this Order shall disclose or permit the disclosure of any such Protected Information to any other person or entity, except the following:

6.3.1.   Protected Information that has been designated "CONFIDENTIAL" and such copies as are reasonably necessary for maintaining, defending or evaluating

16

this case, may be furnished and disclosed to Court Staff, Outside Counsel, up to ten (10) Outside Consultants per party, and up to six (6) Inside Counsel per party. Outside Consultants for a Receiving Party must execute a copy of Attachment A before reviewing "CONFIDENTIAL" Protected Information.

6.3.2.  Disclosure of Protected Information that is designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be made only to Court Staff, Outside Counsel, and Outside Consultants.  Outside Consultants must comply with the provisions of Section 6.4.1, below, before reviewing "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Protected Information. Furthermore, Inside Counsel who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting Outside Counsel in preparation for proceedings in this case may receive access to or disclosure of Protected Information marked "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only with the prior written consent of the Producing Party.

6.3.3.  Disclosure of Protected Information that is designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY SOURCE CODE" may be made only to Court Staff, Outside Counsel, and Outside Consultants.  Outside Consultants must comply with the provisions of Section 6.4.1, below, before reviewing "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY SOURCE CODE" Protected Information.

6.3.4.  Disclosure of Protected Information that is designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY PROSECUTION BAR" may be made only to Court Staff, Outside Counsel, and Outside Consultants.   Outside Consultants must comply with the provisions of Section 6.4.1, below, before

17

reviewing "HIGHLY CONFIDENTIAL ─ ATTORNEYS' EYES ONLY PROSECUTION BAR" Protected Information.  Absent written consent from the Producing Party, any individual who receives access to information marked "HIGHLY CONFIDENTIAL PROSECUTION BAR" shall not be involved in the prosecution of patents, as defined in Section 3.7.4, or patent applications claiming in whole or in part subject matter that is either the subject matter of the claimed inventions of the patents asserted in this action or the specific subject of the "HIGHLY CONFIDENTIAL PROSECUTION BAR" information that is reviewed by that individual before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  The restriction set forth in this paragraph shall begin when access to "HIGHLYCONFIDENTIAL PROSECUTION BAR" information is first received by the affected individual and shall end one (1) year after final termination of this action with respect to the party or parties represented by that affected individual.

### 6.4.    General Disclosures

Notwithstanding the restrictions set forth above, the following disclosures may be made in accordance with this Order:

#### 6.4.1.  Outside Consultants

6.4.1.1.    Prior to the disclosure of any of the Producing Party's Protected Information to an Outside Consultant, and for each Outside Consultant to whom disclosure is proposed, the Receiving Party shall give at least ten (10) business days written notice to the Producing Party, providing:

a)   the name, business title and business address of the Outside Consultant;

b)   a copy of the proposed Outside Consultant's executed Attachment A;

c)   a copy of the proposed Outside Consultant's current curriculum vitae showing the proposed Outside Consultant's education;

d)   the Outside Consultant's current employer;

e)   a list of any previous or current relationships (personal, professional, financial, or otherwise) with any of the parties; and

f)   a list of all other cases by name, case number, and location of court in which the Outside Consultant has testified (at trial or deposition), all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed, within the last five years.  Such a listing, as appropriate, may itself be designated as Protected Information.

6.4.1.2.   Prior to disclosing any Protected Information to any Outside Consultant, Outside Counsel for the Receiving Party shall determine that disclosure of particular Protected Information to an Outside Consultant is, in that counsel's good faith judgment, reasonably necessary to the party's representation.  If, during the ten (10) business day notice period, the Producing Party serves, in writing, a good faith

objection to the proposed disclosure to showing the Outside Consultant Protected Information, there shall be no disclosure of said Protected Information to such Outside Consultant pending resolution of the objection.  Consent to the disclosure of Protected Information to the Outside Consultant shall not be unreasonably withheld.  The Producing Party objecting to disclosure of Protected Information to the Outside Consultant shall within ten (10) business days of receiving the written notice contemplated under section 6.4.1.1 provide a written explanation of the basis of its objection.  If a Producing Party objects to the disclosure of Protected Information to an Outside Consultant, the parties must meet and confer regarding the objection within five (5) business days after such objection is served.  The objecting party's consent to the disclosure of Protected Information to an Outside Consultant shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the Outside Consultant will result in business or economic harm to that party.

6.4.1.3.     If the parties cannot resolve their dispute during this meet and confer, the Producing Party shall have five (5) business days from the date of the meet and confer to file an objection with the Court and seek a motion for protection or disqualification of the Outside Consultant or other appropriate relief.  No Protected Information shall be provided to the proposed Outside Consultant until after resolution of the objection either by the parties or by the Court.

20

### 6.4.2.   **Public Documents**

None of the restrictions set forth in this Order shall apply to any documents or other information that becomes public knowledge by means not in violation of the provisions of this Order.  Nothing in this Order shall prevent a party from using any information that the party properly possessed prior to receipt of any Protected Information in this litigation, or that is discovered or developed independently by the Receiving Party.  In addition, the terms of the treatment of the Protected Information shall be effective only upon the effective date of this Order.

### 6.4.3.   **Disclosure to Author or Recipient**

Notwithstanding any other provision, nothing in this Order shall prohibit Outside Counsel for a party from disclosing Protected Information to any person whom the Discovery Material containing the Protected Information clearly identifies as an author, addressee, or carbon copy recipient of such Discovery Material.  In addition, regardless of its designation, if Discovery Material makes reference to the actual or alleged conduct or statement of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other Protected Information.

### 6.4.4.   **Disclosure of Party's Own Information**

The restrictions on the use of Discovery Material established by the Order are applicable only to Discovery Material received by a party from another party or from a third-party as a direct result of this litigation.  Any party is free to use its own Discovery Material for any purpose, and no use by the Producing Party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

### 6.5.    Disclosure during Depositions

Subject to the requirement that the person(s) receiving the Protected Information duly execute Attachment A, and except as otherwise approved by the Producing Party or by an order of this Court, a party may use Protected Information in deposing only: (a) an individual who has had or who is eligible to have access to the Protected Information by virtue of their employment with the Producing Party; (b) an individual identified in the Protected Information as an author, addressee, carbon copy or other recipient of such information; or (c) an Outside Consultant that has executed Attachment A.

No one may attend or review the transcripts or the portions of any depositions at which Protected Information is shown or discussed other than those individuals qualified to see such Protected Information as set forth in this Order.

### 6.6.    Disclosure Pursuant to Subpoena

If any entity subpoenas or orders production of Protected Information from a Receiving Party that a Receiving Party has obtained subject to this Order, such Receiving Party shall promptly notify the Producing Party of the subpoena or order and shall not produce the information until the Producing Party has had reasonable notice (which shall be not less than ten (10) business days) to object or take other appropriate steps to protect the information.  If a Producing Party does not take steps to prevent disclosure of such documents within the notice period given, or within ten (10) business days, whichever is longer, the party to whom the referenced subpoena is directed may produce such documents in response.  Nothing in this order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 6.7. Inadvertent Disclosure of Protected or Privileged Information

Subject to the Court's July 20, 2011 Discovery Order, Section 7 (D.I. 106), inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work

product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Information, privileged, or protected by the work product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing within ten (10) calendar days after discovery of such inadvertent production or disclosure.   Such inadvertently produced or disclosed documents or information, including all copies thereof, shall be returned to the Producing Party or destroyed immediately upon request.   The Receiving Party shall also immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged or Protected Information.   No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.   In the case of an inadvertently produced or disclosed document, the Producing Party shall include the inadvertently produced or disclosed Discovery Material in a privilege log identifying such document.   The Receiving Party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose, summarize, characterize or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log).

### 6.8.    Prosecution Bar

Defendants may apply the designation "HIGHLY CONFIDENTIAL ─ ATTORNEYS EYES ONLY PROSECUTION BAR" to information that Defendants believe in good faith is of the type that can be included in a patent application and form the basis, or part of the basis, for a claim or claims thereof, which Defendants believe in good faith to constitute confidential or trade secret information, the disclosure of which to a person engaged in patent prosecution in the technical areas

to which the information relates would create a substantial risk of injury to the disclosing party. Absent written consent from the producing Defendant, any individual who receives access to information marked "HIGHLY CONFIDENTIAL ─ ATTORNEYS EYES ONLY PROSECUTION BAR" shall not be involved in the prosecution of patents or patent applications claiming in whole or in part subject matter that is either the subject matter of the claimed inventions of the patents asserted in this action or the specific subject of the "HIGHLY CONFIDENTIAL ─ ATTORNEYS EYES ONLY PROSECUTION BAR" information that is reviewed by that individual before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").   For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or advising as to the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, patent opposition, *ex parte* reexamination or *inter partes* reexamination).   This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL ─ ATTORNEYS EYES ONLY PROSECUTION BAR" information is first received by the affected individual and shall end one (1) year after final termination of this action with respect to the Party or Parties represented by that affected individual.

## 7.    SOURCE CODE

### 7.1.   Notice

In the event that source code is produced in this action, access to such source code will be given only to those individuals for the Receiving Party who are authorized under this Order to have access to Discovery Material designated as "HIGHLY CONFIDENTIAL ─ ATTORNEYS' EYES ONLY SOURCE CODE."   Prior to any inspection of the Producing Party's source code, the Receiving Party shall give at least eight (8) calendar days written notice to the Producing Party, providing the names of all individuals to be present and the information identified under Section

6.4.1.1 for each non-attorney proposed to attend a source code inspection.  No such individual shall attend a source code inspection until after the expiration of the foregoing eight (8) calendar day notice period.  If, during the eight (8) calendar day notice period, the Producing Party serves, in writing, a good faith objection to the attendance of any such individual at a source code inspection, that individual shall not attend any source code inspection pending resolution of the objection.  Consent to such attendance shall not be unreasonably withheld.  The Producing Party objecting to the attendance of any such individual at a source code inspection shall provide a written explanation of the basis of its objection within the eight (8) calendar day notice period.  The parties shall meet and confer to resolve any such dispute within five (5) business days of service of such an objection.  If the parties are unable to resolve such a dispute informally within five (5) business days of having met and conferred, the Receiving Party may apply to the Court for relief.  The Receiving Party will bear the burden of establishing that its request is in good faith and that good cause exists for disclosure of the Protected Information sought.  Such individual shall not attend any source code inspection until after resolution of the dispute either by the parties or by the Court.

### 7.2.   Review of Source Code

In the event that source code is produced in this action:

> 7.2.1. The Producing Party will make its source code available electronically and in the form as kept in the ordinary course of business or other format suitable for review.

> 7.2.2.  Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, a Receiving Party may only review a Producing Party's Source Code on "stand alone" Source Code Review computers (i.e., individual computers or multiple computers that may be networked together by a private wired network but are not connected to any other network,

Internet or peripheral device, except that a Source Code Review computer may be connected to a printer).   Source Code Review computers will be configured to prevent additional peripheral devices (e.g., USB thumb drives) from being connected to it.

7.2.3.   Source code will be made available for inspection only at a designated site to be selected by the Producing Party.

7.2.4.   Access will be made available during regular business hours (8:00 a.m. to 5:00 p.m. local time on weekdays, excluding court holidays).

7.2.5.   No portions of the source code may be downloaded.

7.2.6.   The parties will produce Source Code in computer searchable format. The Receiving Party, at its own expense, may request that the Producing Party install software on a Source Code Review computer to perform searches of the Producing Party's source code.   Timely requests for the installation of such search software will not be unreasonably denied so long as the requested search software is compatible with the operating system, and other software necessary to make the source code available for inspection, installed on a Source Code Review computer, does not prevent or impede the Receiving Party's access to the source code produced for inspection on a Source Code Review computer and does not side-step any of the security features enabled on a Source Code Review computer (e.g., enable connection and use of USB thumb drives).

7.2.7. The Producing Party shall make available a laser printer for on-site printing during inspection of the source code.   No paper printouts shall be made of source code except for: (i) portions reasonably anticipated by the Receiving Party to be necessary for use in, and preparation for, court filings and proceedings, expert

reports, and depositions of persons or entities permitted to access "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" information of the Producing Party; and (ii) such other uses to which the parties may agree or that the court may order.

7.2.8.   Any printed copies shall be limited only to those portions of the source code for which a printed copy is reasonably needed at the time.   But in any case, the Receiving Party will not print more than the lesser of 10% or 250 pages of the total source code for any software release and no more than 75 consecutive pages of any one source code file may be printed.   One page of printed source code is one column of source code printed on a single-sided sheet of 8 1/2 x 11 inch paper. Timely requests for additional pages in excess of 250 pages will not be unreasonably denied; but, in any event, it is unreasonable to print the total or nearly total source code for any software release.   The Receiving Party will also log the original name and location (i.e. directory path) of each printed source code file and provide this log to the Producing Party at the conclusion of each day's inspection.   The Producing Party may object to any portion of any printed source code files as not relevant to any claim or defense in this litigation.   The parties shall meet and confer to resolve any such dispute within five (5) days of the source code inspection when the source code at issue was printed.   If the parties are unable to resolve such a dispute informally within five (5) business days of having met and conferred, the Receiving Party may apply to the Court for relief at any time.   The Receiving Party will bear the burden of establishing that its request is in good faith and good cause exists for disclosure of the Protected Information sought.

7.2.9.   Each page of any printed copies of source code shall be printed on yellow (or other non-white) colored paper.  After printing, the Producing Party shall clearly label each page of any printed copies "HIGHLY CONFIDENTIAL ─ ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" and give each page a unique identification number.  The Producing Party shall make a good faith effort to provide (via overnight delivery with signature required or hand delivery with signature required) a copy of the labeled and numbered copies on yellow (or non-white) colored paper to Outside Counsel of the Receiving Party within three (3) business days.

7.2.10.  The Receiving Party may make one (1) copy of the printed source code pages after delivery for internal use on yellow (or non-white) colored paper.  Printed copies of source code shall be securely maintained in locked rooms or cabinets at any of the offices of Outside Counsel of the Receiving Party only.  Printed copies shall be destroyed as soon as they are no longer needed.   No electronic copies (e.g., Adobe PDF files) of any of the printed source code pages may be created, except as necessary for any filings with the Court.

7.2.11.  Printed copies of source code may be reviewed at the offices of Outside Counsel of the Receiving Party by Outside Counsel or the Receiving Party's Outside Consultants, but may not be removed from Outside Counsel's offices, except that: (1) copies may be made for and used in Court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "HIGHLY CONFIDENTIAL ─ ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE" information of the Producing Party, if necessary; and (2) Outside Counsel of the Receiving Party may transfer the Receiving Party's printed copies of the Producing

Party's source code between Outside Counsel of the Receiving Party's own offices (via hand delivery with signature required, and in no event electronically) as reasonably necessary for preparation of the Receiving Party's case, subject to Section 7.2.10.

7.2.12. The Outside Counsel or Outside Consultants of a Receiving Party may take notes during any source code inspection but may not copy portions of the source code into such notes.  Any such notes must be marked on each page with "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE."  In addition, Outside Counsel or Outside Consultants of a Receiving Party may not bring into the room housing a Source Code Review computer any analogue or electronic recording devices, including, but not limited to, laptops or other portable computers, audio, image or video recorders or wireless devices with data transmission capabilities, unless agreed otherwise by the parties in writing.  Outside Counsel or Outside Consultants of a Receiving Party may not leave work product or other materials to which the Receiving Party claims privilege in the room used to inspect the Producing Party's source code or on a Producing Party's Source Code Review computer.

7.2.13. All paper copies shall be securely destroyed if they are no longer necessary in the Litigation (e.g., extra copies at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

**8.     Miscellaneous**

    **8.1.     Right to Further Relief**

Nothing in this Order abridges the right of any party to seek its modification by the Court in the future.

    **8.2.     Jurisdiction**

This Protective Order shall be binding upon the parties, and their respective attorneys, successors, executors, personal representatives, administrative, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.  The United States District Court for the Eastern District of Texas, Tyler Division, or any court to which this action is transferred, is responsible for the interpretation and enforcement of this Order.  All disputes concerning documents or information covered under this Order (however designated) and produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas, Tyler Division, or the court to which this action may be transferred.

    **8.3.     Continuing Jurisdiction**

After the conclusion of the above-captioned case, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the parties and any other person who has had access to Protected Information pursuant to this Order, in order to enforce the Order's provisions.

    **8.4.     Interpretation**

Should the parties have any issues concerning the interpretation of this Order, before any party moves for this Court's assistance, they shall first promptly meet and confer to resolve the dispute.  The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

### 8.5.    Modification

This Order may be modified by this Court for good cause shown or by mutual written agreement between (or among) the parties and this Court's approval of such agreement.  The Court may enter a subsequent order addressing the use of Protected Information at trial or at the conclusion of the above-captioned case.

### 8.6.    Outside Counsel's Communication with Client

Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise their client based on their review and evaluation of Protected Information produced by the opposing party, provided that such communications or advice shall not disclose or reveal Protected Information in violation of this Order.

### 8.7.    No Probative Value

The Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Protected Information.  The fact that information is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ─ ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL ─ ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE," or "HIGHLY CONFIDENTIAL ─ ATTORNEYS' EYES ONLY PROSECUTION BAR" under this Order shall not be deemed to be determinative of what a trier of fact may determine to actually the appropriate designation.  This Order shall be without prejudice to the right of any party to bring before the Court questions regarding (a) whether any particular material is or is not properly designated or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Order, provided that in doing so, the party complies with the procedures set forth herein.  The fact that any information is disclosed, used, or produced in any court proceeding in this case shall not be offered in any action proceeding before

any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

### 8.8.    Logging Post-Litigation Materials

No communications and/or attorney work product exchanged between each party and its Outside Counsel after and including October 29, 2010 need be identified on a privilege log.

### 8.9.    Use of Protected Information in Court

Before disclosing Protected Information in an open courtroom at trial or other court hearings in this case, a party must provide notice to the Producing Party so that the Producing Party has a reasonable opportunity to take appropriate action to prevent or limit disclosure of the Protected Information in the open courtroom.   The Producing Party bears the burden of showing that the Court should prevent or limit disclosure of the Protected Information in the open courtroom; otherwise, the Protected Information may be used in an open courtroom at trial or other court hearings in this case without regard to the other provisions in this Order.   The parties agree that the use of Protected Information at trial or other court hearings in this case shall not constitute a waiver of or operate in prejudice to any claim of confidentiality in the Protected Information.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**So ORDERED and SIGNED this 4th day of August, 2011.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| SMARTPHONE TECHNOLOGIES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:10-cv-580 |
| | § | |
| HTC CORPORATION, et al., | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## ATTACHMENT A

## WRITTEN ACKNOWLEDGEMENT
## TO ABIDE BY THE TERMS OF THE PROTECTIVE ORDER

I, the undersigned, hereby certify that I have read the Protective Order dated _____, 2011, entered in the United States District Court for the Eastern District of Texas in the case entitled, *SmartPhone Technologies LLC v. HTC Corporation, et al.*, Case No. 6:10-cv-580.

I understand the terms of the Protective Order.  I agree to be bound by such terms and to submit to the personal jurisdiction of the Eastern District of Texas with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court.  I will not disclose Discovery Materials marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY COMPUTER SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY PROSECUTION BAR" to anyone other than persons specifically authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials.  I also understand that, in the event that I fail to abide by the terms of this Undertaking or the Order, I may be subject to sanctions by

33

way of contempt of court and to separate legal and equitable recourse by the adversely affected

Producing Party.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Name of Individual:    _____
Company or Firm:    _____
Address:    _____
Telephone No.:    _____
Relationship to this action and its parties:    _____
_____
_____

Dated:   _____      _____
                                                 Signature