IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SMARTPHONE TECHNOLOGIES LLC, | § § § § | |
| Plaintiff, | § § | NO. 6:10cv580 LED-JDL |
| vs. | § § | PATENT CASE |
| HTC CORPORATION, et al., | § § § | |
| Defendants. | | |

## ORDER

Before the Court is SmartPhone Technologies LLC's ("SmartPhone") Motion for Leave to Supplement Infringement Contentions as to all Defendants and Attendant Motion to Compel Against HTC Defendants (Doc. No. 161). The matter has been fully briefed (Doc. Nos. 174, 179 & 192). Upon consideration of the parties' arguments, the motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

On October 29, 2010, SmartPhone filed suit against Defendants alleging infringement of nine different patents. COMPLAINT (Doc. No. 1). In June 2011, SmartPhone served its original infringement contentions, a relevant portion of which is produced below:

> This chart maps U.S. Pat. RE40,459 against the HTC Hero and Desire HD (a/k/a Ace) products. The Hero and Desire HD are representative of numerous HTC products that infringe in the same manner illustrated in this chart. The Accused Products in this matter include the HTC Hero and Desire HD **as well as the other HTC devices that have the features and capabilities shown in this chart** including but not limited to the Aria (a/k/a Liberty), Bravo, Desire HD (a/k/a Ace), Desire Z (a/k/a Vision, G2), Droid Eris, Droid Incredible (a/k/a Incredible), Espresso (a/k/a myTouch 3G Slide), EVO 4G (a/k/a Supersonic), Glacier (a/k/a myTouch 4G, myTouch HD, Panache), Legend, Magic (a/k/a Sapphire, myTouch 3G), Nexus One

> (a/k/a Passion), Gratia, Tatoo (a/k/a Click), Dream (a/k/a G1), Wildfire (a/k/a Buzz), EVO Shift 4G (a/k/a Knight, Speedy), Inspire 4G (a/k/a Stallion), Thunderbolt (a/k/a Mecha), Vivo (a/k/a Incredible S), Marvel (a/k/a Wildfire S), Saga (a/k/a Desires S), Sensation 4G, and Flyer ("Accused Products"). **The Accused Products are based on the Android Operating System and have no material differences among them for purposes of Plaintiff's infringement analysis.** The analysis herein with respect to the Hero and Desire HD is representative of Plaintiff's contentions against each Accused Product.

MTN AT 2-3 (CITING EX. 2 ATTACHED TO MTN) (emphases in original).

After a two-month stay, which began on August 8, 2011, the parties amended the Discovery Order to require a "significant production of documents" by October 24, 2011. *Id.* at 2. Production was to be "substantially completed" by January 9, 2012. *Id.* On November 3, 2011, SmartPhone served all Defendants with its first set of interrogatories, one of which asks Defendants to identify all of their "smartphone devices," which were defined as accused devices and "reasonably similar devices utilizing any version of the Android Operating System." *Id.* at 3 (citing Ex. 6).

## LEGAL STANDARD

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007); *see also Nike, Inc. v. Adidas Am. Inc.,* 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007); *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009). Patent Rule 3-1 requires a party claiming infringement to serve infringement contentions on all parties. This Court has previously explained the role of infringement contentions:

> Infringement contentions are not intended to require a party to set forth a *prima facie case* of infringement and evidence in support thereof. While infringement contentions must be reasonably precise and detailed . . . to provide a defendant with adequate notice of the plaintiff's theories of infringement, they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement because infringement contentions "are not meant to provide a forum

for litigation on the substantive issues." *Realtime Data,* 2009 WL 2590101, at *5 (quoting *Linex Tech., Inc. v. Belkin Intern., Inc.,* 628 F. Supp. 2d 703, 713 (E.D. Tex. 2008) (internal quotations omitted)). Nevertheless, a party may not rely on vague, conclusory language or simply mimic the language of the claims. *Davis-Lynch, Inc. v. Weatherford Int'l*, No. 6:07cv559, 2009 WL 81874, at *2 (E.D. Tex. Jan. 12, 2009).

Leave to amend is required when a plaintiff seeks to amend or supplement infringement contentions and may be granted upon a showing of good cause. PATENT RULE 3-6. When determining whether leave to amend is appropriate, the Court considers: (1) the explanation for failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) the potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

## DISCUSSION

SmartPhone requests leave to supplement its infringement contentions with twenty additional devices accused of infringing the patents-in-suit and further requests the Court to compel HTC to produce discovery related to the added devices. MTN AT 5. Defendants HTC Corporation and HTC America, Inc. (collectively, "HTC") oppose the request,[1] but Defendant Sony Ericsson does not.[2]

**I.     Parties' Contentions**

SmartPhone contends that thirteen of the twenty devices to be added were released after

---

[1] Although Defendant T-Mobile USA, Inc. indicated it would oppose SmartPhone's request, T-Mobile has since been dismissed from the case. (Doc. No. 187).

[2] Because Sony Ericsson does not oppose SmartPhone's requested relief, the Court will address only arguments directed to, and set forth by, HTC.

SmartPhone originally served its contentions in June 2011. MTN AT 1. Four HTC/Android devices were released in June 2011 and another three were released shortly before service of SmartPhone's infringement contentions, two of which were unintentionally overlooked during SmartPhone's initial identification of HTC devices. *Id.* at 8-9. Further, HTC did not respond to Smartphone's first set of interrogatories and identify all smartphone devices reasonably similar to those disclosed in its original infringement contentions. *See id.* at 8. According to SmartPhone, the newly accused devices use the same mobile operating system as the devices included in the original infringement contentions and therefore the addition of these devices would not result in the assertion of new infringement theories. *Id.* at 1.

In addition, SmartPhone contends that the focus of this litigation is smartphone devices. *Id.* at 9. Therefore, the inclusion of these additional devices is important to its infringement case. SmartPhone further argues that Defendants will not suffer prejudice because the proposed supplementation does not require the assertion of new patent claims or infringement theories. *Id.* Moreover, fact discovery does not conclude until January 2013 and no depositions have been taken. *Id.*

HTC responds that SmartPhone has not shown good cause to justify supplementation of its infringement contentions. Specifically, SmartPhone's original contentions are insufficient and do not serve the notice function required by the Patent Rules; the contentions merely parrot claim language, rely on generic citations to industry standards, and analyze a few representative products to demonstrate the infringement theories to be applied to all the accused devices. RESPONSE AT 1, 7. HTC contends that SmartPhone has failed to particularize its analysis for all accused products and versions of the Android operating system pursuant to Patent Rule 3-1. *Id.* at 2. Burying twenty-three

4

uncharted products in a footnote of the infringement contentions does not show diligence or good cause and therefore, SmartPhone's requested relief should be denied. *Id.* at 2, 8. Further, SmartPhone wishes to add twenty more devices while the parties prepare their claim construction arguments.[3] HTC argues that SmartPhone had ample time to add these products to its infringement contentions with the aid of publicly available information, but did not do so until it filed its motion in January 2012.[4] *See id.* at 2, 10-11.

## II. SmartPhone Has Shown Good Cause to Amend its Infringement Contentions

The Court finds that SmartPhone has shown good cause, under the circumstances, with regard to seventeen of the twenty devices sought to be added to SmartPhone's infringement contentions. As for the three additional devices SmartPhone wishes to add—the products released prior to June 2011, two of which SmartPhone inadvertently omitted from its original infringement contentions—SmartPhone has not demonstrated diligence sufficient for a showing of good cause. As stated above, SmartPhone served its original infringement contentions in June 2011. Seventeen HTC/Android devices were not yet available for sale at the time SmartPhone served its original infringement contentions. Further, it seems that HTC produced documents and technical specifications for the accused devices disclosed in SmartPhone's original infringement contentions, but no more, even in response to SmartPhone's first set of interrogatories. *See* RESPONSE AT 5. Accordingly, the Court finds that SmartPhone may supplement its contentions to include the seventeen HTC/Android products released in June 2011 and thereafter. *See* EX. 9, ATTACHED TO

---

[3] During the course of briefing the instant motion, the parties began the claim construction briefing process. Further, the Court held a *Markman* hearing in this case on March 6, 2012.

[4] Finally, HTC takes issue with SmartPhone's request to add devices that have been released only outside the United States. *Id.* at 10-11. However, SmartPhone replies it will not assert claims against any non-U.S. products. REPLY AT 5.

MTN.

However, the Court finds it troubling that SmartPhone's original infringement contentions used two representative devices to demonstrate the infringement theories to be applied to all accused products. *See Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*, Civil Action No. 6:09cv269 (Doc. No. 304), (E.D. Tex. Sept. 27, 2010). Patent Rule 3-1 requires "a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." According to HTC, ten different versions of the Android operating system are accused of infringement, but SmartPhone's infringement contentions reflect only two versions of the Android operating system. RESPONSE AT 1. The rules require that SmartPhone be as specific as possible in its contentions. SmartPhone does not seem to contend that it lacks access to publicly available information regarding the seventeen additional products released since June 2011 or the "twenty-three footnoted products" contained within its original infringement contentions. Rather, SmartPhone contends variations in the different versions of the Android operating system are immaterial because the same infringement theory applies to all accused devices. *See* REPLY AT 2-3. The Court disagrees. Such a statement disregards the requirements set forth by Patent Rule 3-1.

Further, it is improper to simply chart to standards, e.g., the 802.11 standard, to illustrate how representative products satisfy claim limitations. As this Court stated in *Linex*:

> While using the 802.11n standard as the starting point for infringement is permissible, Plaintiff failed to demonstrate how each Accused Product conforms to the standard. Linking each Accused Product—or even exemplary Accused Products—to the draft standard would add the information and specificity needed to comply with the requirements of Patent Rule 3-1.

*Linex*, 628 F. Supp. 2d at 708. The Court then required Plaintiff to "explain how each Accused Product is asserted to infringe each claim limitation." *Id.* at 709. To comply with the notice function

of P.R. 3-1, SmartPhone's infringement contentions should reflect not only how each of the accused devices satisfy each asserted claim element of each patent-in-suit for which they are accused of infringing, but should also reflect the accused version(s) of the Android operating system corresponding to each accused device.

Therefore, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** SmartPhone's Motion for Leave to Supplement. SmartPhone has leave to add the seventeen HTC/Android products released in and after June 2011, as outlined in SmartPhone's December 29, 2011 letter. The Court further **ORDERS** SmartPhone to amend its infringement contentions to provide as specific information as possible describing where each element of each asserted claim is found within Defendants' products, including the seventeen devices for which SmartPhone has leave to supplement, the products footnoted in its original infringement contentions, i.e. those referenced in SmartPhone's December 29, 2011 letter, and the HTC Hero and HTC Desire HD no later than **April 6, 2012**.

In light of the Court's ruling, the Court **ORDERS** the parties to meet their discovery obligations regarding all accused devices involved in this case, particularly the HTC Hero, HTC Desire HD, "the twenty-three footnoted products," and the additional seventeen devices released in June 2011 and thereafter. These documents shall be produced no later than **May 4, 2012**.

**So ORDERED and SIGNED this 16th day of March, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE